**David Walter SCOGGIN, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

**No. 346–70.**

United States Court of Appeals,
Tenth Circuit.

June 22, 1971.

Frank Carter of Otjen & Carter, Enid, Okl., for plaintiff-appellant.

William R. Burkett, U. S. Atty., for defendant-appellee.

Before LEWIS, Chief Judge, and JONES * and PICKETT, Circuit Judges.

PER CURIAM.

The District Court for the Western District of Oklahoma granted the motion for summary judgment made by the United States in an action asserting a claim by appellant against the government under the Federal Tort Claims Act, 28 U.S.C. § 1346(b). Appellant's claim arose as the result of an automobile accident in which he was injured and his parents were killed. allegedly through the negligence of a postmaster acting in the course of his governmental employment. Prior to filing the instant action, appellant, pursuant to authority of a state probate court order and in consideration of $45,000 paid to him by the postmaster's private insurance company, had executed a covenant not to sue the government employee but specifically reserved any rights he might have

* Of the Fifth Circuit Sitting by Designation.

against the United States. The trial court held that such covenant, under Oklahoma law, operated to relieve the government of any further liability under the Federal Tort Claims Act and entered summary judgment accordingly.

■ The trial court held that under Oklahoma law the release of an employee, through a covenant not to sue, serves to release an employer when the latter's liability is premised solely on the doctrine of respondeat superior. The appellant does not contend the general law of Oklahoma to be otherwise and is aware that this court has earlier recognized the Oklahoma rule and applied it to the Federal Tort Claims Act in Land v. United States, 10 Cir., 342 F.2d 785. However, appellant distinguishes *Land* from the case at bar by pointing out procedural differences. We acknowledge the differences but not the legal distinction.

In *Land* the tort action was first filed in state court and solely against the employee. That action was dismissed in state court after a covenant not to "execute" was obtained and the federal action was then filed. This procedure, so says appellant, constituted an impermissible change of legal theory to improperly project the possibility of two chances for recovery. But in the case at bar, appellant continues, there has been no state court action and he has consistently contended that the postmaster was engaged in the course of his employment when the tort was committed. This being so, contention is made that the postmaster was released from liability by operation of law under 28 U.S.C. § 2679(b), the covenant not to sue was given against a nonexistent liability and payment was made by the insurance company for "reasons best known to them" but without legal significance to the instant case.

■ We must and do reject appellant's novel reasoning for it completely ignores the basic limitation on the government's liability for the torts of its employees as contained in the provisions of 28 U.S.C. § 1346(b). The United States is liable under the subject Act only "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." The Act intends the waiver of governmental immunity in cases where liability would otherwise exist under state law but does not contemplate the creation of governmental liability beyond that of private persons within the state.

The trial court properly entered summary judgment for the United States.

Affirmed.