**Walter L. GRIFFIN, Plaintiff-Appellant,**

v.

**UNITED STATES of America,
Defendant-Appellee,**

and

**Capitol City Moving & Storage Company,
and Allstate Insurance Company,
Intervenors.**

No. 79–1458.

United States Court of Appeals,
Tenth Circuit.

Submitted Nov. 17, 1980.
Decided March 17, 1981.

Fred W. Phelps, Jr., Topeka, Kan., for plaintiff-appellant.

James P. Buchele, U. S. Atty., Mary K. Briscoe, Asst. U. S. Atty., and Frank A. Ackerman, Legal Intern, Dist. of Kansas, Topeka, Kan., for defendant-appellee.

Before DOYLE, McKAY and LOGAN, Circuit Judges.

McKAY, Circuit Judge.

The issue in this case is whether the exclusive remedy provision of the Kansas Workmen's Compensation Act[1] is a defense to a negligence action brought against the United States under the Federal Tort Claims Act[2] for injuries allegedly suffered by an employee of a contractor of the United States General Services Administration. The district court held that the exclusive remedy provision is a defense and granted summary judgment for the United States.

■ Under the Federal Tort Claims Act, the United States is liable to suit only in the same manner and to the same extent as a private individual under like circumstances under the law of the place where the act or omission occurred. 28 U.S.C. § 1346(b), § 2674. Thus, if the exclusive remedy provision of the Kansas Workmen's Compensation Act would offer a private party a defense under like circumstances, it offers the United States the same defense. *See Scoggin v. United States*, 444 F.2d 74, 75 (10th Cir. 1971); *Government Employees Insurance Co. v. United States*, 349 F.2d 83, 85 (10th Cir. 1965), *cert. denied*, 382 U.S. 1026, 86 S.Ct. 646, 15 L.Ed.2d 539 (1966); *Roelofs v. United States*, 501 F.2d 87, 92–93 (5th Cir. 1974), *cert. denied*, 423 U.S. 830, 96 S.Ct. 49, 46 L.Ed.2d 47 (1975).

■ An evident purpose of 28 U.S.C. § 1346(b) and § 2674 is to place the United States in the same position for liability purposes as a private party under state law. Of course, granting the United States the exclusive remedy defense does not place the government in exactly the same position as a private party under state law. Since because of sovereign immunity the state cannot require the United States to obtain workmen's compensation insurance or pay workmen's compensation benefits, the United States ostensibly enjoys the benefit of the exclusive remedy defense without being

---

1. Kan.Stat. § 44–501 *et seq.*

2. 28 U.S.C. § 1346(b); 28 U.S.C. § 2671 *et seq.*

*required* to pay the costs for that defense. However, this disparity is only theoretical in this case. The GSA contract required the contractor to obtain workmen's compensation insurance with respect to its employees and agents and required that evidence of that insurance be provided to the GSA.[3] Thus the United States indirectly paid for workmen's compensation insurance. Under these circumstances the purposes of both the FTCA and the Kansas Workmen's Compensation Act are satisfied by allowing the United States to assert the exclusive remedy provision as a defense. *See Roelofs v. United States*, 501 F.2d 87, 90–94 (5th Cir. 1974), *cert. denied*, 423 U.S. 830, 96 S.Ct. 49, 46 L.Ed.2d 47 (1975). We need not decide whether the result would be different if the government contract did not require maintenance of workmen's compensation insurance. *See id.* at 93–94.

The district court correctly concluded that a private party in the position of the United States under the circumstances of this case would be entitled to assert the exclusive remedy provision of the Kansas Workmen's Compensation Act as a defense to a third-party tortfeasor action brought by an injured employee of one of its contractors. The exclusive remedy provision of the Kansas act, Kan.Stat. § 44–501, provides that if a worker is entitled to receive benefits from his employer as compensation for his injury, he cannot maintain a common-law negligence action against that employer for damages. *E. g., Adams v. Ford Motor Co.*, 573 F.2d 1182, 1183 (10th Cir. 1978); *Anderson v. Beardmore*, 210 Kan. 343, 345–46, 502 P.2d 799, 801 (1972). Kan. Stat. § 44–503 extends the application of the coverage of workmen's compensation benefits and the exclusive remedy defense to contracting situations by designating a principal who meets the requirements of that section as an "employer" for the purpose of applying other provisions of the act. Under that section, the critical question is whether the work performed by the contractor, Capitol City Moving and Storage

Co., was part of the "trade or business" of a hypothetical private party in the position of the GSA. *See Watson v. W. S. Dickey Clay Manufacturing Co.*, 202 Kan. 366, 374–75, 450 P.2d 10, 17 (1969).

Under Kansas case law, this determination is controlled by two alternative tests enunciated by the Kansas Supreme Court in *Hanna v. CRA, Inc.*, 196 Kan. 156, 159–60, 409 P.2d 786, 789 (1966):

> This court has laid down two rather definite tests by which to determine whether the work covered by a contract is part of the principal's trade or business, *i. e.*, (1) is the work being performed by the independent contractor and the injured employee necessarily inherent in and an integral part of the principal's trade or business? (2) is the work being performed by the independent contractor and the injured employee such as would ordinarily have been done by the employees of the principal?
>
> If *either* of the foregoing questions is answered in the affirmative the work being done is part of the principal's "trade or business," and the injured employees [sic] sole remedy against the principal is under the Workmen's Compensation Act.

(Emphasis added). *See also Adams v. Ford Motor Co.*, 573 F.2d 1182, 1185 (10th Cir. 1978); *Ellis v. Fairchild*, 221 Kan. 702, 712, 562 P.2d 75, 83 (1977); *Woods v. Cessna Aircraft Co.*, 220 Kan. 479, 483–84, 553 P.2d 900, 904 (1976).

 The affidavits and deposition presented to the district court make it clear that the work Capitol City had contracted to do—the moving of government office furniture—was "necessarily inherent in and an integral part of" the trade or business of the GSA. Therefore, since the work done by Capitol City was part of the GSA's trade or business, the United States is in the same position for liability purposes as a statutory employer under the Kansas Workmen's Compensation Act and is thus entitled to

---

**3.** In fact, federal regulations require "[c]ompliance with applicable workmen's compensation . . . statutes" of all government cost-reimburse-ment type contracts. 41 C.F.R. § 1–10.502–1 (1979).

assert the act's exclusive remedy provision as a defense.

AFFIRMED.