776 F.2d 246
 Tracy EWELL, Plaintiff-Appellant,
v.
The UNITED STATES of America, the Bureau of Land Management
of the United States Department of Interior, Glen Otten,
Leaun Otten, Ella Rae Otten, Utah County, a body politic,
and Gordon Swan d/b/a Swan's Market, Defendants- Appellees.
 No. 84-1220.
 United States Court of Appeals,
Tenth Circuit.
 Oct. 7, 1985.
 
 1
 Jackson Howard, Howard, Lewis & Petersen, Provo, Utah (Richard B. Johnson with him on brief), for plaintiff-appellant.
 
 
 2
 Joseph W. Anderson, Asst. U.S. Atty., Salt Lake City, Utah (Brent D. Ward, U.S. Atty. with him on brief), for defendant-appellee, U.S.
 
 
 3
 Before HOLLOWAY, Chief Circuit Judge, SEYMOUR, Circuit Judge, and BALDOCK, District Judge*.
 
 
 4
 BALDOCK, District Judge.
 
 
 5
 This is an appeal from an order of the district court granting summary judgment in favor of the defendant-appellee, the Bureau of Land Management of the United States Department of Interior. Plaintiff brought this action against the United States under the Federal Tort Claims Act (FTCA), 28 U.S.C. Secs. 1346(b), 2671-80. The plaintiff, Tracy Ewell, was injured on federal land when the motorcycle on which she was a passenger was driven off an embankment. The injury occurred at the West Mountain Gravel Pit, which is located west of Payson, Utah, on land administered by Bureau of Land Management. The land has been owned by the United States since 1848, but the gravel pit has been operated by Utah County. In her complaint, plaintiff alleged that the federal government failed to do the following: inspect the premises, cut down large embankments left from excavation, post warning markers, erect barriers, prevent vehicular traffic, and otherwise failed to keep the premises safe.
 
 
 6
 The Federal Tort Claims Act provides the general exception to the prohibition of suits against the federal government by making it liable for money damages "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. Sec. 1346(b). The terms of the government's consent to be sued define the court's jurisdiction. Minnesota v. U.S., 305 U.S. 382, 388, 59 S.Ct. 292, 295, 83 L.Ed. 235 (1938). This waiver of immunity should be neither extended nor narrowed beyond that which Congress intended. United States v. Kubrick, 444 U.S. 111, 117-18, 100 S.Ct. 352, 356-57, 62 L.Ed.2d 259 (1979).
 
 
 7
 To determine the liability of the federal government under the FTCA, it is necessary to apply the law of the place where the alleged negligence occurred. 28 U.S.C. Sec. 1346(b); Richards v. United States, 369 U.S. 1, 9, 82 S.Ct. 585, 590, 7 L.Ed.2d 492 (1962). The parties agree that the law of the State of Utah is applicable. In granting summary judgment, the district court concluded that the land in question was subject to the Utah Limitation of Land Owner Liability Act, Utah Code Ann. Secs. 57-14-1 to 57-14-7 (Supp.1983). The Act provides, in part, as follows: "an owner of land owes no duty of care to keep the premises safe for entry or use by any person using the premises for any recreational purpose, or to give any warning of a dangerous condition, use, structure, or activity on those premises to those persons." Sec. 57-14-3. The statute does not bar liability, however,
 
 
 8
 (1) For willful or malicious failure to guard or warn against a dangerous condition, use, structure, or activity or for deliberate, willful, or malicious injury to persons or property; or
 
 
 9
 (2) For injury suffered in any case where the owner of land charges the person or persons who enter or go on the land or use the land for any recreational purpose, except that in the case of land leased to the state or a subdivision thereof, any consideration received by the owner for the lease is not a charge within the meaning of this section.
 
 
 10
 Sec. 57-14-6.
 
 
 11
 The plaintiff concedes that several elements of the Utah statute which would preclude liability are satisfied: the land in question is located in Utah; she was involved in a recreational activity; and no fee was charged for entry to the land. She asserts, however, that the federal government is not immunized for two reasons: the Utah statute does not apply to public entities and the government's acts or omissions were willful or malicious.
 
 
 12
 The Utah statute is based on a model act developed by the Council of State Governments. Plaintiff cites the preamble to the model act, 24 Council of State Governments, Suggested State Legislation 150-52 (1965), to support her contention that the statute applies exclusively to private landowners. The preamble to the model act is not contained in the Utah statute, and there is no express language in the statute which would restrict its application to public entities. Although there is a split of authority in other jurisdictions with similar statutes, the Utah Supreme Court has not decided whether this statute applies to land publicly controlled.
 
 
 13
 How the Utah Supreme Court might construe the statute is not relevant to the present inquiry. The Federal Tort Claims Act makes the United States liable only to the extent that a private person would be liable under similar circumstances. It is clear that the Utah statute applies to private landowners and should be equally applicable to the United States. Simpson v. United States, 652 F.2d 831, 833 (9th Cir.1981); Jones v. United States, 693 F.2d 1299, 1301 (9th Cir.1982).
 
 
 14
 In the Tort Claims Act, Congress has expressly stated that the federal government's liability is to be determined by the private person standard. Indian Towing Co. v. United States, 350 U.S. 61, 64-65, 76 S.Ct. 122, 124, 100 L.Ed. 48 (1955). In analyzing the legislative purpose of this language, we must start with the ordinary meaning of the words used. It is difficult to conceive of any more precise language Congress could have used to require the application of the private person standard than the words it did use. The legislative history also supports the ordinary interpretation of these words: "[t]he liability of the United States will be the same as that of a private person under like circumstances, in accordance with local law, except that no punitive damages and no interest prior to judgment may be recovered." S.Rep. No. 1400, 79th Cong., 2d Sess. 32 (1946). We conclude that the immunity afforded private landowners by Utah Code Ann. Sec. 57-14-3 is equally applicable to the United States when it is sued under the FTCA.
 
 
 15
 The main goal of the FTCA was to waive sovereign immunity so that the federal government could be sued as if it were a private person for ordinary torts. Congress was primarily concerned with allowing a remedy where none had been allowed. There is no evidence that Congress was concerned with the prospect that immunities created solely for private persons would shield the United States from suit. The Supreme Court, in United States v. Muniz, 374 U.S. 150, 83 S.Ct. 1850, 10 L.Ed.2d 805 (1963), considered whether it is appropriate to apply immunities created by state law to the United States when it is sued under the FTCA. The Court was concerned with state laws that immunized prison officials from suits by prisoners and concluded that it is "improper to limit suits by federal prisoners because of restrictive state rules of immunity." 374 U.S. at 164, 83 S.Ct. at 1859. The immunity under consideration in that case applied to state, county and municipal prison officials. Noting its decision in Indian Towing Co. v. United States, 350 U.S. at 65, 76 S.Ct. at 124, wherein the Court determined that federal liability had to be determined as if it were a private person and not as if it were a municipal corporation, it concluded that state law immunity applicable to state, county and municipal prison officials would not be applicable to a private person and, therefore, not applicable to the federal government in a suit under the FTCA.
 
 
 16
 Thus, while immunities afforded state, county and municipal employees are not applicable to the federal government when sued under the FTCA, immunities created by state law which are available to private persons will immunize the federal government because it is liable only as a private individual under like circumstances. It is evident, therefore, that the Utah district court was correct in granting the motion for summary judgment.
 
 
 17
 The plaintiff also argues that summary judgment was improper because there was a fact issue as to whether the government's acts or omissions were willful or malicious. As previously noted, liability under the Utah Statute is not barred where the action or omission was willful or malicious. Utah Code Ann. Sec. 57-14-6(1). The evidence is uncontroverted, however, that none of the federal employees at the Bureau of Land Management was aware that a gravel pit was being operated on federal land at the time of plaintiff's injury. Plaintiff failed to present any evidence that would support an inference of willful or malicious actions or omissions on the part of the United States. The district court properly granted summary judgment.
 
 
 18
 There are well established principles which guide an appellate court in reviewing a trial court's grant of summary judgment. The party seeking summary judgment "had the burden of showing the absence of a genuine issue as to any material fact, and for these purposes the material it lodged must be viewed in the light most favorable to the opposing party." Adickes v. Kress & Co., 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). The moving party must "demonstrate entitlement beyond a reasonable doubt and if an inference can be deduced from the facts whereby the nonmovant might recover, summary judgment is inappropriate." Mustang Fuel Corp. v. Youngstown Sheet and Tube Co., 516 F.2d 33, 36 (10th Cir.1975). Once a properly supported motion for summary judgment is made, the opposing party may not merely rest on the allegations in the complaint, but must respond with some factual showing of the existence of a genuine issue of material fact. Baum v. Gillman, 648 F.2d 1292, 1297 (10th Cir.1981). We have examined the record and agree with the district court's disposition. We too can find no genuine issue of material fact raised in the plaintiff's response to the United States' motion for summary judgment. The district court applied both the procedural and the substantive law correctly.
 
 
 19
 AFFIRMED.
 
 
 
 *
 United States District Court for the District of New Mexico, sitting by designation