**Anita THOMPSON, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 85–1966.**

United States District Court, District of Columbia.

Nov. 26, 1985.

Patrick J. Christmas, Christmas and Hamlin, Washington, D.C., for plaintiff.

James N. Owens, Washington, D.C., for defendant.

## MEMORANDUM OPINION

JOHN H. PRATT, District Judge.

Plaintiff Anita Thompson has brought suit against the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 2671, *et seq.* (1982), to recover for personal injuries. Before the court is defendant's motion to dismiss or in the alternative for summary judgment, which we now consider.

### Background

On December 6, 1983, Anita Thompson slipped and fell while performing her duties as a security guard for a Department of Housing and Urban Development ("HUD") facility in Washington, D.C. Plaintiff allegedly suffered injuries to her neck, lower back and leg. At the time of the accident, plaintiff was employed by Forehand's World Services ("Forehand"), which was under a contract with the General Services Administration ("GSA") to provide security services at the HUD facility. Pursuant to federal regulation, this contract required

Forehand to provide workers' compensation insurance for its employees. Contract ¶ 13; 41 C.F.R. § 1–10.502–1 (1984). However, the United States was required to reimburse Forehand for the costs of this insurance. 41 C.F.R. § 1–7.204–5 (1984).

Plaintiff filed a worker's compensation claim with Forehand's insurance carrier and received compensation for lost wages and medical expenses. On August 14, 1984 she submitted to GSA a claim for monetary damages, which GSA denied. Having exhausted her administrative remedies, she brought this tort action against the United States on June 17, 1985. She alleges that the government's negligence in allowing a slippery substance to accumulate on its property caused her injuries, and she seeks to recover $150,000 in damages.

*Discussion*

The issue we must decide is whether the United States may properly invoke in this case the exclusive remedy provision of the District of Columbia Workers' Compensation Act, D.C.Code §§ 36–301, *et seq.* (1981). This court may entertain an action under the Federal Tort Claims Act only "where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). Defendant's alleged negligence occurred in the District of Columbia. Under the District of Columbia Workers' Compensation Act, employers are liable without fault for compensation for their employees' injuries. D.C.Code § 36–303(b). The statute further provides that "[i]n the case of an employer who is a subcontractor, the contractor shall be liable for and shall secure payment of such compensation to employees of the subcontractor unless the subcontractor has secured such payment." § 36–303(c). This mandatory compensation constitutes injured employees' "exclusive remedy" against their employers. § 36–304(a)–(b). The United States claims that this exclusive remedy provision bars the present tort action.

As we held in *Ford v. United States,* Civil Action No. 84–3082 (D.D.C. March 21, 1985), where the United States bears the costs of workers' compensation insurance, it may claim the benefit of the District of Columbia exclusive remedy defense. Section 36–304(a)–(b) of the statute refers only to "employers." It does not mention general contractors, such as the United States, and the Court of Appeals for this Circuit has not yet spoken on whether the statute applies to the United States. However, courts in other jurisdictions have held that similar statutes bar civil actions against the United States where the government obtains workers' compensation insurance. *See Stewart v. United States,* 716 F.2d 755 (10th Cir.1982); *Griffin v. United States,* 644 F.2d 846 (10th Cir.1981); *Roelofs v. United States,* 501 F.2d 87 (5th Cir.1974).

Furthermore, the policy embodied in the District of Columbia Workers' Compensation Act entitles the United States to the same protection as a private employer. Workers' compensation statutes compromise the interests of employers and employees by requiring compensation by the employer in exchange for complete immunity from suit. *Washington Metropolitan Area Transit Authority v. Johnson, et al.,* 467 U.S. 925, 104 S.Ct. 2827, 2831–32, 81 L.Ed.2d 768 (1984). To the extent a general contractor such as the United States must pay insurance costs, granting it immunity merely recognizes both sides of the bargain the statute imposes.

As in *Ford,* the United States here was compelled to pay the costs of workers' compensation insurance. The contract requires Forehand to maintain such insurance "at his expense." However, the United States must reimburse Forehand for these costs. 41 C.F.R. § 1–7.204.5. The fact that District of Columbia law would penalize Forehand if it did not secure insurance, D.C. Code § 36–339, does not change the result that it is the United States, not Forehand, that ultimately pays for the insurance. Despite plaintiff's contention that payment of insurance represents a disputed material fact, the government's reimbursement duty is clear on its face, and we find no evidence that the United States failed to follow its own regulation.

We also reject plaintiff's argument that the exclusive remedy defense does not apply because Forehand is an independent contractor. While allowing immunity, the statute imposes secondary liability on contractors who hire subcontractors. D.C. Code § 36–303(c). Plaintiff contends that unless the United States hired Forehand as a subcontractor, it is not obligated to pay compensation under § 36–303 and therefore not entitled to the *quid pro quo* of the exclusive remedy defense.

Putting aside our observation above that the United States is indeed obligated to pay workers' compensation costs, the applicable regulations preclude genuine dispute over whether Forehand is an independent contractor or a subcontractor. In *Director, Office of Workers' Compensation Programs v. National Van Lines*, 613 F.2d 972 (D.C.Cir.1979), the D.C. Circuit stated that "[a] general employer will be held secondarily liable for workmen's compensation when the injured employee was engaged in work either that is a subcontracted fraction of a larger project or that is normally conducted by the general employer's own employees rather than by independent contractors." 613 F.2d at 986. GSA is charged with physical protection of federal buildings. 41 C.F.R. §§ 101–20.500 *et seq.* (1984). GSA must fulfill this responsibility by providing its own officers "or contract uniformed personnel." § 101–20.503–1. In hiring Forehand to guard the HUD facility, GSA was contracting out part of its broad duty to provide security at all government buildings. Thus plaintiff, a security guard for Forehand, was "engaged in work ... that [was] a subcontracted fraction of a larger project...." 613 F.2d at 986. The facts of our case thus fit the test of *National Van Lines* for subcontractor status.

The government's lack of supervisory control over Forehand does not demonstrate Forehand was an independent contractor, as plaintiff alleges. Degree of control may distinguish independent contractors from employees, but it does not distinguish them from subcontractors. In delegating work to a specialized subcontractor, it is unlikely that general contractors ever maintain much close control. The contract's denial of GSA supervision, Contract ¶ 2, merely confirms the usual relationship between a general and subcontractor. Since we find that Forehand is a subcontractor, D.C.Code § 36–303(c) steps in to impose secondary liability for compensation on the United States, and the exclusive remedy defense of D.C.Code § 36–304 should grant it immunity.[1]

Finding no genuine issue of material fact in dispute and concluding that the District of Columbia exclusive remedy provision bars this action, we grant defendant's motion and dismiss for lack of jurisdiction.

An order consistent with the foregoing has been entered this day.

---

1. This result is consistent with the Supreme Court's landmark holding in Washington Metropolitan Area Transit Authority, 104 S.Ct. 2827. In that case, the court held that a general contractor could be an "employer" within the meaning of the immunity provision of the Longshoremen's and Harbor Workers' Compensation Act. 33 U.S.C. §§ 904(a), 905(a). We consider as irrelevant the fact that the United States is not a private employer. The same rationale is applicable.