Carol **NOFSINGER**, Dorrel Nofsinger, Plaintiffs,

v.

**UNITED STATES of America,** Defendant.

**Civ. A. No. 89–2036–O.**

United States District Court, D. Kansas.

Nov. 21, 1989.

Kay L. Stanley, Cloon & Bennett, Overland Park, Kan., Michael L. Hodges, Mission, Kan., for plaintiffs.

Janice Miller Karlin, Kansas City, Kan., for defendant.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, Chief Judge.

This matter comes before the court on defendant's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.[1] Plaintiffs, a husband and wife, brought this Federal Tort Claims action against defendant, the United States, to recover for personal injuries allegedly sustained by the wife while she was employed at a government-owned ammunition plant. For the following reasons, the court concludes that defendant's motion must be granted.

The pertinent facts are: At the time of her injury, plaintiff, Carol Nofsinger, was an employee of Hercules, Inc. (Hercules). Defendant, the United States, Department of the Army, had entered into a contact with Hercules for the management and operation of the Sunflower Army Ammunition Dump (Sunflower). The contract further required Hercules to procure and maintain workers' compensation insurance and required the defendant to reimburse Hercules for the cost of this insurance.

On March 4, 1986, plaintiff sustained injuries when she fell while working on the premises of Sunflower. Subsequently, plaintiff was awarded workers' compensation for her injury. On January 25, 1989, plaintiff filed this action pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C.S. § 1346(b) and 28 U.S.C.S. § 2671 et seq., seeking to recover for her injuries due to the defendant's alleged negligence in failing to maintain the premises at Sunflower.

When considering a motion for summary judgment, we must examine all evidence in the light most favorable to the opposing party. McKenzie v. Mercy Hospital, 854 F.2d 365, 367 (10th Cir.1988). If the moving party bears the burden of proof at trial, he must show, through pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(c). If the moving party does not bear the burden of proof, he must show "that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553–54, 91 L.Ed.2d 265 (1986). This burden is met when the moving party identifies those portions of the record demonstrating an absence of a genuine issue of material fact. Id. at 323, 106 S.Ct. at 2552–53.

If the moving party meets his requirement, the burden shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). The trial judge then determines whether a trial is needed— "whether, in other words, there are any genuine issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. at 252, 106 S.Ct. at 2512.

1. Defendant originally filed a motion to dismiss this action for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Rule 12(b) provides that, if on a motion to dismiss for failure to state a claim, matters outside the pleadings are presented to and not excluded by the court, the court shall treat the motion as one for summary judgment. Because defendant had attached matters outside the pleadings, the court issued a memorandum and order stating that the motion was converted to a motion for summary judgment and giving the parties a reasonable opportunity to present all relevant materials on the issue of defendant's status as a statutory employer under the Kansas Workers' Compensation Act, K.S.A. 44–501 et seq., as required by Fed.R.Civ.P. 12(b) and 56. See Nofsinger v. United States of America, No. 89–2036 (D.Kan., September 19, 1989).

It is defendant's contention that, as the plaintiff's statutory employer, it is entitled to assert the exclusive remedy provision of the Kansas Workers' Compensation Act as an absolute defense to plaintiff's FTCA claim. We agree. Pursuant to the FTCA, the United States is liable to suit only in the same manner and to the same extent as a private individual under like circumstances under the law of the place where the act or omission occurred. 28 U.S.C.S. § 1346(b) and § 2674.[2] Thus, any defenses available to a private party under the Kansas Workers' Compensation Act, K.S.A. 44–501 *et seq.*, would be available to the United States under like circumstances.[3]

The Kansas Workers' Compensation Act (Act) is the exclusive remedy for an injured employee against one who is his employer within the meaning of the Act. K.S.A. 44–501. K.S.A. 44–503(a) extends the exclusive remedy defense to contracting situations by providing in pertinent part:

> Where any person undertakes to execute any work which is a part of his *trade or business* or which he has contracted to perform and contracts with any other person (in this section referred to as the contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any workman employed in the execution of the work any compensation under the workmen's compensation act which he would have been liable to pay if that workman had been immediately employed by him....

K.S.A. 44–503(a) (emphasis supplied). In order to decide whether the exclusive remedy provision of the Act bars plaintiff's negligence action in the case at bar, we are required to determine whether the work performed by the contractor, Hercules, was part of the principal's, the United States', "trade or business." Under Kansas case law, this determination is controlled by the following alternative tests established by the Kansas Supreme Court in *Hanna v. CRA, Inc.*, 196 Kan. 156, 159–60, 409 P.2d 786, 789 (1966):

> This court has laid down two rather definite tests by which to determine whether the work covered by a contract is part of the principal's trade or business, i.e., (1) is the work being performed by the independent contractor and the injured employee necessarily inherent in and an integral part of the principal's trade or business? (2) is the work being performed by the independent contractor and the injured employee such as would ordinarily have been done by the employees of the principal?
>
> If *either* of the foregoing questions is answered in the affirmative the work being done is part of the principal's "trade or business," and the injured employees sole remedy against the principal is under the Workmen's Compensation Act.

(Emphasis supplied). *See also Griffin v. United States*, 644 F.2d 846, 848 (10th Cir. 1981) and cases cited therein; *Hollingsworth v. Fehrs Equipment Co*, 240 Kan. 398, 401, 729 P.2d 1214, 1216 (1986); *Mays v. Ciba–Geigy Corp.*, 233 Kan. 38, 64–65, 661 P.2d 348, 367–68 (1983).

We are persuaded that the first prong of the test established in *Hanna* is satisfied, in that the manufacture and operation of munitions and the management and operation of a munitions plant is "inherent in and an integral part of" the "trade or business" of the United States, Department of the

---

**2.** We note that the United States may considered to be unlike a private party under state law, since sovereign immunity bars the states from requiring the United States to obtain workers' compensation insurance. However, in this case, since the contract requires the United States to reimburse Hercules for the cost of workers' compensation insurance, granting the United States these defenses is particularly appropriate. *See Griffin v. United States,* 644 F.2d 846, 847–48 (10th Cir.1981).

**3.** We reject plaintiff's position that since GSA holds title to the real estate upon which Sunflower is located, the right of the United States to its defense as a statutory employer is defeated. Defendant has established by uncontroverted affidavit that title is in fact in the name of the United States of America. (affidavits of Thomas, Stutz, Margaret Beavers and Vinita Canright).

Army.[4] We reach this conclusion in part on the basis of uncontroverted exhibits indicating that the Sunflower plant is one of the installations of the United States Armament, Munitions and Chemical Command, and that the mission of the plant is the manufacture of propellants and chemical materials, and the receipt and storage of propellant for other government agencies.

Accordingly, since the work Hercules had contracted to do was inherent in and an integral part of the United States, Department of the Army's, trade or business, the defendant is in the same position for liability purposes as a statutory employer under the Kansas Workers' Compensation Act and is entitled to assert the exclusive remedy provision as a defense.

IT IS THEREFORE ORDERED that defendant's motion for summary judgment is granted.

---

4. Since we hold that the first prong of the *Hanna* test is met, we are not called upon to and do not decide whether the work performed by Hercules in this case would ordinarily have been done by employees of the United States. *See generally Pearman v. United States,* 528 F.Supp. 598 (1981).