**Anthony L. MATTHEWS, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 87–1731–C.**

United States District Court, D. Kansas.

Jan. 25, 1991.

Andrew W. Hutton, Michaud & Hutton, Wichita, Kan., for plaintiff.

Stephen K. Lester, Asst. U.S. Atty., Wichita, Kan., for defendant.

## MEMORANDUM AND ORDER

CROW, District Judge.

The case comes before the court on two motions. First, the defendant moves for summary judgment.[1] Second, the plaintiff moves to compel the defendant's payment of fees and expenses incurred in the defendant taking the deposition of plaintiff's expert witness. Plaintiff, Anthony L. Matthews, brings this Federal Tort Claims Act (FTCA) action against defendant, the United States of America, for personal injuries sustained in the course of his employment with Day & Zimmerman Co., Inc. Defendant seeks summary judgment arguing it is a statutory employer to the plaintiff and, therefore, is entitled to the exclusive remedy defense under the Kansas Workers' Compensation law.

On a motion for summary judgment, the trial court inquires into the need for a trial. Without weighing the evidence or determining credibility, the court grants summary judgment when no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). The inquiry is basically "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–252, 106 S.Ct. at 2512.

An issue of fact is "genuine" if the evidence is significantly probative or more than merely colorable such that a jury could reasonably return a verdict for the nonmoving party. *Id.* at 248, 106 S.Ct. at 2510. An issue of fact is "material" if proof of it might affect the outcome of the lawsuit as assessed from the controlling substantive law. 477 U.S. at 249, 106 S.Ct. at 2510. Factual inferences are drawn to favor the existence of triable issues, and where reasonable minds could ultimately reach different conclusions, summary judgment is inappropriate. *See Riley v. Brown & Root, Inc.*, 896 F.2d 474, 476–77 (10th Cir.1990).

The movant's initial burden under Fed.R.Civ.P. 56 is to show the absence of evidence to support the nonmoving party's case. *Windon Third Oil and Gas v. Federal Deposit Ins.*, 805 F.2d 342, 345 (10th Cir.1986), *cert. denied*, 480 U.S. 947, 107 S.Ct. 1605, 94 L.Ed.2d 791 (1987). The movant must specify those portions of

---

1. In its reply brief, defendant asked the court to convert its motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to a motion for summary judgment pursuant to Rule 56. Since attached to defendant's motion were matters outside the pleadings, the court did convert the motion and gave plaintiff notice of the conversion and provided an opportunity to submit all material pertinent to the issues of defendant's motion. *Matthews v. United States of America*, No. 87–1731–C, 1990 WL 251933 (D.Kan. Dec. 17, 1990).

" 'the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits if any,' " which demonstrate the absence of a genuine issue of fact. *Windon*, 805 F.2d at 345 (quoting Fed.R.Civ.P. 56(c)). It may be sufficient for the movant to establish that the alleged factual issues are without legal significance. *Dayton Hudson Corp. v. Macerich Real Estate Co.*, 812 F.2d 1319, 1323 (10th Cir.1987).

The opposing party may not rest upon mere allegations or denials in the pleadings but must set forth specific facts supported by the kinds of evidentiary materials listed in Rule 56(c). *Anderson*, 477 U.S. at 250, 106 S.Ct. at 2511. The nonmoving party's evidence is deemed true and all reasonable inferences are drawn in his favor. *Windon*, 805 F.2d at 346. More than a "disfavored procedural shortcut," summary judgment is an important procedure "designed 'to secure the just, speedy and inexpensive determination of every action.' Fed.R. Civ.P. 1." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986).

The following facts are uncontroverted. Day & Zimmerman Co., Inc., Philadelphia Pennsylvania ("Day & Zimmerman") is a private corporation which has operated the Kansas Army Ammunition Plant at Parsons, Kansas ("KAAP") since 1970 in accordance with a series of contracts with the Department of the Army, U.S. Army Armament Command ("Army"). The contract applicable in 1986 specified that the contractor, Day & Zimmerman, would procure and maintain workers' compensation insurance and that the government would reimburse the contractor for the reasonable cost of that insurance required by the contract.

On January 2, 1986, plaintiff was an employee of Day & Zimmerman and was doing his job at KAAP, blending an explosive gunpowder mixture, when an explosion occurred injuring him. Plaintiff received Kansas workers' compensation benefits for this injury.

■ The Government contends it is plaintiff's statutory employer and, there-fore, may assert the exclusive remedy provision under the Kansas Worker's Compensation laws as an absolute defense to liability. Plaintiff responds that "no evidence has been taken in this case" making it impossible to determine whether the statutory employer test is satisfied. Plaintiff's bare allegations of incomplete discovery do not comport with Rule 56(f). *See Pizza Management, Inc. v. Pizza Hut, Inc.*, 737 F.Supp. 1154, 1169 (D.Kan.1990). A party is not protected by Rule 56(f) unless an affidavit is filed. *Dreiling v. Peugeot Motors of America, Inc.*, 850 F.2d 1373, 1376–77 (10th Cir.1988). In its discretion, the court may proceed to decide the motion for summary judgment when no affidavit has been filed. *Id.* In this case, the pretrial order also reflects that all discovery is complete except for taking the deposition of plaintiff's expert witness. Plaintiff's argument on the need for discovery is rejected.

■ The United States is liable for money damages for personal injuries caused by a governmental employee acting within the scope of his employment "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). The FTCA creates an exception to governmental immunity for tort claims "in the same manner and to the same extent as a private individual under like circumstances...." 28 U.S.C. § 2674. Liability of the government is determined under the law of the place where the alleged negligence occurred. *Ewell v. United States*, 776 F.2d 246, 248 (10th Cir.1985). The parties have stipulated in the pretrial order that the substantive law of Kansas is applicable. Consequently, the exclusive remedy defense available to a private employer under the Kansas Workers' Compensation Act, 44–501 *et seq.*, is also available to the United States under like circumstances. *Griffin v. United States*, 644 F.2d 846, 847 (10th Cir.1981).

As a result of the exclusive remedy provision in the Kansas Workers' Compensation Act, K.S.A. 44–501, an employee cannot maintain a common-law negligence ac-

tion against the employer for injuries which can be the reason for benefits under the Act. *Zehring v. Wickham*, 232 Kan. 704, 706, 658 P.2d 1004 (1983). The reach of the Act, including the exclusive remedy defense, extends beyond the plaintiff's immediate employer. This is accomplished at K.S.A. 44–503(a), which provides:

> Where any person (in this section referred to as principal) undertakes to execute any work which is a part of his trade or business or which he has contracted to perform and contracts with any other person (in this section referred to as the contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any workman employed in the execution of the work any compensation under the workmen's compensation act which he would have been liable to pay if that workman had been immediately employed by him; and where compensation is claimed from or proceedings are taken against the principal, then in the application of the workmen's compensation act, references to the principal shall be substituted for references to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the workman under the employer by whom he is immediately employed.

A principal purpose of K.S.A. 44–503(a) is to prevent an employer from avoiding liability under the Act by contracting with others to perform work which would have been otherwise undertaken as part of the employer's trade or business. *Zehring v. Wickham*, 232 Kan. at 707, 658 P.2d 1004.

The question presented by K.S.A. 44–503(a) is whether the injury-producing work is part of the principal's trade or business. In *Hanna v. CRA, Inc.*, 196 Kan. 156, 159–60, 409 P.2d 786 (1966), the court set out the two-part test for answering that question:

> (1) [I]s the work being performed by the independent contractor and injured employee necessarily inherent in and an integral part of the principal's trade or business? (2) [I]s the work being per-

formed by the independent contractor and the injured employee such as would ordinarily have been done by the employees of the principal?

> If either of the foregoing questions is answered in the affirmative the work being done is part of the principal's "trade or business," and the injured employee's sole remedy against the principal is under the Workmen's Compensation Act.

*See also Hollingsworth v. Fehrs Equip. Co.*, 240 Kan. 398, 402, 729 P.2d 1214 (1986). It is enough if the work "is a part of the overall operations of the principal contractor." *Fugit, Administratrix v. United Beechcraft, Inc.*, 222 Kan. 312, 315 564 P.2d 521 (1977).

The affidavit of Lieutenant Colonel Samuel E. Cantey, United States Army, establishes that KAAP is a government installation under the command of the United States Army Armament, Munitions and Chemical Command, Rock Island, Illinois, which manages all conventional munitions within the Department of Defense. Explosives, ammunitions and related items are manufactured, loaded, assembled and packed at the KAAP for the Department of Defense. The actual production and manufacturing operations at KAAP are contracted out to Day & Zimmerman. Based upon this affidavit, there is little doubt that the first test from the *Hanna* decision is met.

Chief Judge O'Connor in *Nofsinger v. U.S.*, 727 F.Supp. 586 (D.Kan.1989), granted summary judgment for the government in a FTCA action where the plaintiff had been injured while working at the Sunflower Army Ammunition Dump as an employee of a private contractor. He found that the government was a statutory employer since "the manufacture and operation of munitions and the management and operation of a munitions plant is 'inherent in and an integral part of' the 'trade or business' of the United States, Department of the Army." 727 F.Supp. at 588.

The Army contracted with Day & Zimmerman to manufacture explosives and ammunitions which is an activity inherent in

and an integral part of the Army's trade or business. Defendant, therefore, is entitled to assert the exclusive remedy provision in the Kansas Workers' Compensation Act as an absolute defense. *See Griffin v. United States,* 644 F.2d at 848–49.

■ Plaintiff grounds its motion to compel payment on Rule 26(b)(4)(C) of the Federal Rules of Civil Procedure, which reads:

Unless manifest injustice would result, (i) the court shall require that the party seeking discovery pay the expert a reasonable fee *for time spent in responding to discovery under subdivisions (b)(4)(A)(ii) and (b)(4)(B) of this rule;* and (ii) with respect to discovery obtained under subdivision (b)(4)(A)(ii) of this rule the court may require, and with respect to discovery obtained under subdivision (b)(4)(B) of this rule the court shall require, the party seeking discovery to pay the other party a fair portion of the fees and expenses reasonably incurred by the latter party in obtaining facts and opinions from the expert.

(emphasis supplied) An order requiring payment of fees under Rule 26(b)(4)(C) is entered only where discovery is conducted pursuant to Rule 26(b)(4)(A)(ii) or Rule 26(b)(4)(B). *Shackelford v. Vermeer Mfg. Co.,* 93 F.R.D. 512, 513 (W.D.Tex.1982); *Herbst v. International Telephone & Telegraph Corp.,* 65 F.R.D. 528, 529 (D.Conn.1975); *Evans v. Vonfeldt Realtors, Inc.,* No. 82–1737–C (D.Kan. Mar. 30, 1987).

There is no motion of record requesting discovery under Rule 26(b)(4)(A)(ii). The court is without legal authority under Rule 26(b)(4)(C) to order payment of fees and expenses incurred in taking the deposition of plaintiff's expert witness. Presumably, the deposition was taken upon the parties' agreement subject to whatever conditions and terms that were reached. The court's enforcement of the parties' agreement, whatever the terms may be, is a different matter that has not been briefed by the parties.

IT IS THEREFORE ORDERED that the defendant's motion for summary judgment (Dk. 46) is granted.

IT IS FURTHER ORDERED that the plaintiff's motion to compel payment (Dk. 59) is denied.