**Robert L. MAHAFFEY, Jr.; and his employer, Hanson Construction, Inc.; and Employers Mutual Companies as their interests may appear, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

No. 91–4116–C.

United States District Court, D. Kansas.

Feb. 28, 1992.

Leonard D. Fisher, Heath & Fisher, Topeka, Kan., for plaintiffs.

D. Brad Bailey, U.S. Attorney's Office, Topeka, Kan., for defendant.

## MEMORANDUM AND ORDER

CROW, District Judge.

The case comes before the court on the defendant's motion to dismiss (Dk. 4). Plaintiff, Robert L. Mahaffey, Jr., brings this suit to recover for his injuries sustained when a vehicle in which he was a passenger left the roadway and overturned. In his complaint, Plaintiff alleges the vehicle was negligently operated by defendant's agent. Plaintiff further alleges that he filed for and recovered workers compensation benefits because his injuries arose out of and in the course of his employment. Plaintiff also pleads that as a result of the workers compensation award his employer, Hanson Construction, Inc. ("Hanson"), and his employer's insurance carrier, Employers Mutual Companies ("Employers Mutual"), have an interest in the litigation.

Defendant's motion to dismiss offers a few more facts. The Government contracted with Plano Bridge & Culvert, currently known as Plano Builders Corporation, to perform construction work on the military barracks at Fort Riley, Kansas. Plaintiff was an employee of the contractor and worked at this project site. The United States Army, through the Army Corps of Engineers and the Directorate of Engineering and Housing at Fort Riley, Kansas, is responsible for designing, constructing, maintaining and supervising military facilities. The work performed by the contractors in the military barracks improvement project constitutes an integral part of the Army's trade or business.

The plaintiffs' response to the defendant's motion reveals additional facts regarding the accident which injured the plaintiff. While at work on the construction site, plaintiff went to the office area for supplies and found his foreman lying on the ground. Believing that his foreman had suffered a heart attack, plaintiff massaged the foreman's chest and gave him mouth to mouth resuscitation. Military emergency personnel arrived and later asked plaintiff to accompany them in the ambulance to assist with cardiopulmonary resuscitation. On the way to the hospital, the ambulance took a sharp curve, "flew off the road and slammed into a tree and flipped several times down a thirty foot ravine." Plaintiff was injured in this accident. Plaintiff also notes that his employer, Hanson Construction, Inc., was doing business as Plano Builders.

The defendant moves to dismiss the plaintiffs' complaint for failure to state a

claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(1) and (6). As to the plaintiffs Hanson and Employers Mutual, the defendant contends the court is without subject matter jurisdiction for these plaintiffs failed to exhaust their administrative remedies under the Federal Tort Claims Act ("FTCA"). In response, Hanson and Employers Mutual concede this point and agree to their dismissal as parties to this suit.

Concerning the plaintiff Robert Mahaffey, the defendant argues a viable claim has not been stated because the defendant was the plaintiff's statutory employer and the state workers' compensation benefits are the plaintiff's exclusive remedy. Mahaffey opposes the motion asserting the defendant must prove and not simply allege the facts in support of the exclusive remedy defense. Mahaffey's argument indicates a procedural problem that neither party has addressed.

■ Rule 12(b) of the Federal Rules of Civil Procedure provides that if matters outside of the pleadings are presented in a 12(b)(6) motion and not excluded by the court, the motion must be converted into a motion for summary judgment and the parties must be given a reasonable opportunity to submit all material pertinent to a Rule 56 motion. In other words, a court must give notice to the parties of the changed status of the motion and offer them the opportunity to present additional materials. *Nichols v. United States*, 796 F.2d 361, 364 (10th Cir.1986). Because the merits of defendant's motion turns upon evidence extraneous to the pleadings, the court must convert the defendant's motion to dismiss to one for summary judgment.

In this case, the record does not suggest other evidence exists which would refute the defendant's position. Even so, the court will give plaintiff ten days from the filing date of this order to present any such evidence or materials pertinent under Rule 56. If no additional evidence or materials are timely filed, this order will become final. If additional material is timely submitted, the court will consider it in making a final decision on the defendant's motion.

*See Wagher v. Guy's Foods, Inc.*, 765 F.Supp. 667, 668 (D.Kan.1991).

■ The United States is liable for money damages for personal injuries caused by a governmental employee acting within the scope of his employment "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). The FTCA makes the government liable for tort claims "in the same manner and to the same extent as a private individual under like circumstances...." 28 U.S.C. § 2674. Liability is determined under the law of the place where the alleged negligence occurred. *Ewell v. United States*, 776 F.2d 246, 248 (10th Cir.1985). Consequently, the exclusive remedy defense provided to a private employer in the Kansas Workers Compensation Act, K.S.A. 44–501 *et seq.*, is also available to the United States under like circumstances. *Griffin v. United States*, 644 F.2d 846, 847 (10th Cir.1981).

The exclusive remedy defense is found at K.S.A. 44–501 which states in part:

(a) If in any employment to which the workers compensation act applies, personal injury by accident arising out of and in the course of employment is caused to an employee, the employer shall be liable to pay compensation to the employee in accordance with the provisions of the workers compensation act....

(b) Except as provided in the workers compensation act, no employer, or other employee of such employer, shall be liable for any injury for which compensation is recoverable under the workers compensation act....

The Kansas Supreme Court has applied this provision so as to foreclose an employee's common-law negligence action for damages against an employer whenever the employee could have recovered workers compensation benefits from that employer. *Zehring v. Wickham*, 232 Kan. 704, 706, 658 P.2d 1004 (1983).

The Kansas Workers Compensation Act reaches beyond immediate employers to

contractors. At K.S.A. 44–503(a), this is accomplished in the following terms:

> Where any person (in this section referred to as principal) undertakes to execute any work which is a part of his trade or business or which he has contracted to perform and contracts with any other person (in this section referred to as the contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any workman employed in the execution of the work any compensation under the workmens' compensation act which he would have been liable to pay if that workman had been immediately employed by him; and where compensation is claimed from or proceedings are taken against the principal, then in the application of the workmen's compensation act, references to the principal shall be substituted for references to the employer, . . . .

(Underlining added). This provision was intended to prevent employers from circumventing their liability under the Act by contracting for that work which they ordinarily would have performed. *Zehring,* 232 Kan. at 707, 658 P.2d 1004.

The application of K.S.A. 44–503 in this case turns upon whether the contractor's (Hanson's) work is part of the principal's (the defendant's) trade or business. In *Hanna v. CRA, Inc.,* 196 Kan. 156, 159–60, 409 P.2d 786 (1966), the court set out the following tests:

> (1) [I]s the work being performed by the independent contractor and injured employee necessarily inherent in and an integral part of the principal's trade or business? (2) [I]s the work being performed by the independent contractor and the injured employee such as would ordinarily have been done by the employees of the principal?

If either of the foregoing questions is answered in the affirmative the work being done is part of the principal's "trade or business," and the injured employee's sole remedy against the principal is under the Workmen's Compensation Act.

*See also Hollingsworth v. Fehrs Equip. Co.,* 240 Kan. 398, 402, 729 P.2d 1214 (1986). It is enough if the contractor's work "is a part of the overall operations of the principal." *Fugit, Administratrix v. United Beechcraft, Inc.,* 222 Kan. 312, 315, 564 P.2d 521 (1977).

Who is the principal in this case? When the United States seeks statutory employer status, the focus is on the particular agency or department which contracted for the work. *Izard v. U.S.,* 946 F.2d 1492, 1495 (10th Cir.1991). In this case, the Department of Army contracted with Plano Builders to modernize and improve barracks at Fort Riley, Kansas. The affidavit of Lieutenant Colonel Michael F. Colacicco establishes that the Army "is responsible for the design, construction, maintenance, and supervision of military facilities including, among other things, barracks for enlisted personnel." For this reason, the court believes the evidence of record shows as a matter of law that the construction and maintenance of barracks is inherent in and an integral part of United States Army's trade or business. *See Matthews v. U.S.,* 756 F.Supp. 511 (D.Kan.1991); *Nofsinger v. U.S.,* 727 F.Supp. 586 (D.Kan.1989). Moreover, the contractor was contractually obligated to procure and maintain workers compensation insurance for this barracks improvement project.

Plaintiff hopes to escape the exclusive remedy defense by arguing that his injury resulted not from his construction work but from his ride in the ambulance. In other words, plaintiff asserts the United States Army is not in the business of operating ambulances. Plaintiff's argument is not supported by legal citations and reads in additional requirements not found in the relevant provisions of the Kansas Workers Compensation Act.

Plaintiff alleges in his complaint that his injuries in this case arose out of and in the course of his employment with Hanson. Plaintiff alleges he received workers compensation benefits for those injuries pursuant to K.S.A. 44–504. Under the terms of K.S.A. 44–501(b), plaintiff's exclusive reme-

**152**

dy against Hanson was the workers compensation benefits. Defendant is entitled to the same exclusive remedy defense for it is the statutory employer. The terms of K.S.A. 44–503(a) do not require that the particular injury-producing work or activity be within the principal's trade or business. Reading K.S.A. 44–501 and K.S.A. 44–503 together, it is enough that the employee suffer an injury from an accident arising out of and in the course of employment with the contractor, and that the contractor perform work which is inherent in and an integral part of the principal's trade or business. Plaintiff's argument is without merit.

IT IS THEREFORE ORDERED that the defendant's motion to dismiss (Dk. 4) is converted to a motion for summary judgment and is granted on the conditions expressed herein.