**Nathaniel GUESS, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civil Action No. 96–2307–KHV.**

United States District Court,
D.Kansas.

April 23, 1997.

Gene P. Graham, Jr., Mary E. Clune, White, Allinder & Graham, L.L.C., Independence, MO, Rebecca L. Rolf, Terril Law Firm, L.L.C., Kansas City, MO, for Plaintiff.

Nancy M. Landis, Office of U.S. Attorney, Topeka, KS, for Defendant.

### *MEMORANDUM AND ORDER*

VRATIL, District Judge.

This matter comes before the Court on *Defendant's Motion For Summary Judgment* (Doc. # 36) filed March 10, 1997. Plaintiff brings this action to recover for personal injuries sustained during his employment with Intown Properties, Inc. ("Intown") a property management company which contracted with the United States Department of Housing and Urban Development ("HUD") to manage and operate multi-family housing properties in the Kansas City area. For the following reasons the Court

finds that defendant's motion must be sustained.

### Summary Judgment Standards

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c); *accord Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 2509, 91 L.Ed.2d 202 (1986); *Vitkus v. Beatrice Co.,* 11 F.3d 1535, 1538–39 (10th Cir.1993). A factual dispute is "material" only if it "might affect the outcome of the suit under the governing law." *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510. A "genuine" factual dispute requires more than a mere scintilla of evidence. *Id.* at 252, 106 S.Ct. at 2512.

The moving party bears the initial burden of showing that there is an absence of any genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Hicks v. City of Watonga,* 942 F.2d 737, 743 (10th Cir.1991). Once the moving party meets its burden, the burden shifts to the nonmoving party to demonstrate that genuine issues remain for trial "as to those dispositive matters for which it carries the burden of proof." *Applied Genetics Int'l, Inc. v. First Affiliated Securities, Inc.,* 912 F.2d 1238, 1241 (10th Cir.1990); *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986); *Bacchus Indus., Inc. v. Arvin Indus., Inc.,* 939 F.2d 887, 891 (10th Cir.1991). The nonmoving party may not rest on its pleadings but must set forth specific facts. *Applied Genetics,* 912 F.2d at 1241.

"[W]e must view the record in the light most favorable to the parties opposing the motion for summary judgment." *Deepwater Invs., Ltd. v. Jackson Hole Ski Corp.,* 938 F.2d 1105, 1110 (10th Cir.1991). Summary judgment may be granted if the non-moving party's evidence is merely colorable or is not significantly probative. *Anderson,* 477 U.S. at 250–51, 106 S.Ct. at 2511–12. "In a response to a motion for summary judgment, a party cannot rely on ignorance of facts, on

speculation, or on suspicion, and may not escape summary judgment in the mere hope that something will turn up at trial." *Conaway v. Smith,* 853 F.2d 789, 793 (10th Cir. 1988). Essentially, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson* at 251–52, 106 S.Ct. at 2512. Ever mindful of these summary judgment standards, we now turn to the merits of defendants' motion.

### Factual Background

HUD contracted with Intown to manage several multi-family housing properties including the Gateway Plaza East and the Gateway Plaza West properties in Kansas City, Kansas ("Gateway property"). Under the contract, Intown was responsible for maintenance, repair, rehabilitation, operation, management and rental of the Gateway property at all times relevant to this action. The contract also required Intown to carry workers' compensation insurance. HUD reimbursed Intown for the cost of this insurance.

On September 22, 1994, plaintiff fell and sustained injuries while working on the Gateway property. An Intown employee, plaintiff was acting in the scope of his employment at the time he fell and he subsequently received a workers' compensation award for his injuries. Plaintiff now brings this action pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b) and § 2671 ("FTCA"), seeking recovery for injuries allegedly caused by defendant's negligence in failing to repair the property, failing to warn plaintiff of its dangerous condition, failing to take reasonable steps to prevent the condition, and/or failing to maintain the property in a reasonably safe condition.

### Analysis

■ Defendant advances two independent arguments in support of its motion. First, it claims it is entitled to assert the exclusive remedy provision of the Kansas Workers' Compensation Act as an absolute defense to plaintiff's action. Alternatively, defendant claims that the United States has not waived its sovereign immunity with respect to plain-

tiff's claims. Because the Court agrees that the exclusive remedy provision acts as an absolute defense in this matter, the Court will not address defendant's sovereign immunity defense.

The United States is liable for money damages for personal injuries caused by a governmental employee acting within the scope of his employment "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act of omission occurred." 28 U.S.C. § 1346(b). The FTCA makes the government liable for tort claims "in the same manner and to the same extent as a private individual under like circumstances...." 28 U.S.C. § 2674. Liability is determined under the law of the place where the alleged negligence occurred. 28 U.S.C. § 1346(b); *Ewell v. United States,* 776 F.2d 246, 248 (10th Cir.1985). Consequently, the exclusive remedy defense provided to a private employer in the Kansas Workers' Compensation Act, K.S.A. § 44–501 *et seq.,* is also available to the United States under like circumstances. *Griffin v. United States,* 644 F.2d 846, 847 (10th Cir.1981).[1]

The Kansas Workers' Compensation Act is the exclusive remedy for an injured employee against one who is his employer within the meaning of the Act. *See* K.S.A. § 44–501. Section 44–503(a) extends the exclusive remedy defense to contracting situations by providing in relevant part as follows:

> Where any person (in this section referred to as principal) undertakes to execute any work which is a part of the principal's trade or business or which the principal has contracted to perform and contracts with any other person (in this section referred to as the contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any worker employed in the execution of the work any compensation under the workers compensation act which the principal would have been liable to pay if that worker had been immediately employed by the principal....

K.S.A. § 44–503(a).

In order to decide whether the exclusive remedy provision bars plaintiff's claims in this case, we are required to determine whether the work performed by Intown was part of HUD's[2] "trade or business." Under Kansas law, this determination is controlled by the following alternative tests established by the Kansas Supreme Court in *Hanna v. CRA, Inc.,* 196 Kan. 156, 409 P.2d 786 (1966):

> (1) is the work being performed by the independent contractor and the injured employee necessarily inherent in and an integral part of the principal's trade or business?

> (2) is the work being performed by the independent contractor and the injured employee such as would ordinarily have been done by the employees of the principal?

*Id.,* 409 P.2d at 789. If either of the foregoing questions is answered in the affirmative the work being done is part of the principal's "trade or business," and the injured employee's sole remedy against the principal is under the Workmen's Compensation Act. *Id.*

Defendant concedes that it does not satisfy the second alternative prong of this test. Thus, the Court will address only the first prong—whether Intown's work was necessarily inherent in and an integral part of HUD's trade or business. It is enough if the work was part of the overall operations of the principal. *See Mahaffey v. United States,* 785 F.Supp. 148, 151 (D.Kan.1992) (citing *Fugit v. United Beechcraft, Inc.,* 222 Kan. 312, 564 P.2d 521, 524 (1977)).

The affidavits and deposition testimony presented to the Court present no triable issue of fact on this question. It is clear that the repair, rehabilitation, operation, manage-

---

1. In this case HUD reimbursed Intown for the workers' compensation insurance premium. Thus, granting this defense is particularly appropriate. *See Nofsinger v. United States,* 727 F.Supp. 586, 588 at n. 2 (D.Kan.1989).

2. When the United States seeks statutory employer status, the focus is on the particular agency or department which contracted for the work. *See Izard v. United States,* 946 F.2d 1492, 1495 (10th Cir.1991).

ment and rental of the Gateway property (the functions performed by Intown) were inherent in and an integral part of HUD's property disposition branch. This conclusion comports with analogous opinions in this district. *See Mahaffey,* 785 F.Supp. at 151–52; *Matthews v. United States,* 756 F.Supp. 511, 514 (D.Kan.1991); *Nofsinger,* 727 F.Supp. at 588–89. Plaintiff's attempt to distinguish these cases on the basis that they involve another agency—the Department of the Army—is ineffectual. Therefore, because the work done by Intown was part of HUD's trade or business, the United States is in the same position for liability purposes as a statutory employer under the Kansas Workers' Compensation Act and is thus entitled to assert the exclusive remedy provision as a defense.

**IT IS THEREFORE ORDERED** that *Defendant's Motion For Summary Judgment* (Doc. # 36) filed March 10, 1997, should be and hereby is sustained.