Lauren R. HEGG, Appellant,

v.

UNITED STATES of America, Appellee.

No. 86–1503.

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 13, 1987.

Decided May 8, 1987.

Rehearing Denied June 4, 1987.

Mary K. Hoefer, Cedar Rapids, Iowa, for appellant.

Robert C. Dopf, Asst. U.S. Atty., Des Moines, Iowa, for appellee.

Before BOWMAN and MAGILL, Circuit Judges, and HARPER,* Senior District Judge.

* The HONORABLE ROY W. HARPER, Senior United States District Judge for the Eastern and Western Districts of Missouri, sitting by designation.

BOWMAN, Circuit Judge.

This is an action under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b). Plaintiff Lauren R. Hegg appeals from an order of the District Court[1] granting summary judgment in favor of defendant United States. The District Court held that under the Iowa "recreational use" statute, Iowa Code § 111C.1 *et seq.*, the United States was immune from liability for its alleged negligence and that Hegg had failed to produce any evidence to support her claim that defendant acted willfully or maliciously (and thus would not be immune from liability under the statute). For the reasons set forth below, we affirm.

On May 4, 1980, Lauren Hegg (then 28 years of age) and a few of her friends had a picnic at the East Overlook recreational area of the Coralville Lake Reservoir in Johnson County, Iowa. This property is owned and maintained by the United States as a recreational area open for use by the general public without charge (except for overnight camping, for which there is a small fee). During the afternoon, Hegg and a friend were swinging on a T-shaped belt- or strap-type swing set. The center pole of the swing set was fixed in concrete, though each swing was positioned over a soil surface. According to Elizabeth Cannell, Hegg's companion and the only eyewitness to the accident, Hegg was swinging fairly high when during an upswing she slid or fell backward out of the swing and directly to the ground below. According to Cannell, Hegg did not strike the center pole or the concrete base, but landed on her back on the ground. There was no indication or allegation that the swing itself broke or was otherwise defective. Hegg suffered a spinal cord injury in the accident and is partially paralyzed as a result. Defendant had no knowledge of any previous injuries resulting from use of the swing sets at Coralville.

Hegg filed this action pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b), alleging *inter alia* that defendant's employees were negligent in constructing the swing set and in failing to warn of its dangerous condition. Shortly before the scheduled trial date, defendant filed a motion for summary judgment, asserting that under the Iowa recreational use statute, Iowa Code § 111C.1 *et seq.* (attached hereto as an Appendix), it was immune from liability for its alleged negligence, and that Hegg had not pled and could not prove "willful or malicious" conduct on the part of defendant so as to fall within one of the statutory exceptions to the general rule of immunity. Hegg resisted the motion, arguing that summary judgment was improper because the Iowa recreational use statute did not apply to defendant in this case and because there was a genuine issue of material fact whether defendant's conduct was willful or malicious. In particular, Hegg argued that (1) the statute applies only to private landowners, not to public landowners, and defendant therefore does not fall within the statutory definition of a "holder" of land; (2) the property on which she was injured did not fall within the statutory definition of "land"; (3) she was not using defendant's property for a "recreational purpose," as defined by the statute, when she was injured; and (4) there was a factual issue whether defendant willfully and maliciously failed to guard or warn against a dangerous condition, use, structure, or activity, and thus would not be entitled to immunity under the statute.

The District Court considered and rejected each of Hegg's contentions and entered summary judgment for defendant. In response to Hegg's first contention, the court noted that under the FTCA the United States is liable only in those circumstances in which a "private person" would be liable under the law of the state where the accident occurred. 28 U.S.C. § 1346(b). Thus, since a private person could take advantage of the statutory immunity provided by the Iowa recreational use statute, statutory immunity was available to the United States. *Cf. Mandel v. United States,* 719 F.2d 963, 966–967 (8th Cir.1983) (applying Arkansas recreational use statute); *Ewell v. United States,* 776 F.2d 246,

---

**1.** The Honorable W.C. Stuart, United States District Judge for the Southern District of Iowa.

248–249 (10th Cir.1985) (applying Utah statute). The court rejected Hegg's second contention regarding the appropriate construction of the statutory definition of "land," reasoning that the Iowa legislature intended to distinguish between rural and urban land when it used the phrase "land for agricultural purposes" and holding that the recreational area where Hegg was injured was "land" within the meaning of the statute. The court likewise rejected Hegg's third contention that she was not engaged in a "recreational purpose" when she was swinging because "swinging" is not specifically mentioned in the list of activities included within the statutory definition. The court reasoned that the list of activities expressly mentioned as within the statutory definition of "recreational purpose" was intended to be illustrative only, not complete and exclusive. The court held that in view of the general purposes underlying the statute and the popular and reasonable understanding of the meaning of the term "recreational purpose," swinging fell within that definition. Finally, the court held that there was no genuine issue of material fact on the issue whether defendant acted willfully or maliciously, so as to fall outside the protection of the statute. The court noted that in opposing the summary judgment motion Hegg had failed to produce any factual evidence that would tend to support her burden to prove willfulness or malice. The court concluded that there was no genuine issue of material fact on that issue and accordingly entered summary judgment for defendant. On appeal Hegg raises the same contentions that she raised before the District Court.[2]

 The parties have advised this Court that the issues regarding the appropriate construction of the Iowa recreational use statute are issues of first impression. There has been no reported case interpreting the statute. Both parties urge this Court to decide the case without certification to the Iowa Supreme Court. In cases involving issues of state law that previously have not been addressed by the state appellate courts, this Court often has stated that we will give substantial weight and deference to the district court's ruling unless it is " 'fundamentally deficient in analysis or otherwise lacking in reasoned authority.' " *Kifer v. Liberty Mutual Insurance Co.*, 777 F.2d 1325, 1330 (8th Cir. 1985) (quoting *Ancom, Inc. v. E.R. Squibb & Sons*, 658 F.2d 650, 654 (8th Cir.1981)). Our task is " 'not to adopt the construction we think most reasonable, but simply to review the district court's determination....' " 777 F.2d at 1330 (quoting *Brown & Root v. Hempstead County Sand & Gravel*, 767 F.2d 464, 469 (8th Cir.1985)). Having reviewed the District Court's rulings concerning the meaning of the statute, we cannot say that they are fundamentally deficient in analysis or otherwise lacking in reasoned authority. We therefore conclude that this is an appropriate case in which to defer to the District Court. Indeed, this is a typical case in which the construction of a state statute of previously unresolved meaning is best left to the district judge, who ordinarily is much more likely to be intimately familiar with the jurisprudence of his state than are the members of this Court. We therefore affirm the District Court's rulings construing the Iowa recreational use statute (which rejected Hegg's first, second, and third contentions noted above). *See* 8th Cir.R. 14.

---

**2.** On appeal Hegg also raises an issue that was not expressly decided by the District Court, though it arguably (but not artfully) was raised in her Supplemental Resistance to Defendant's Motion for Summary Judgment. Record at 37, ¶ 8. Hegg contends that the Iowa recreational use statute does not apply in this case because there is a fee for overnight camping at Coralville. Though, as a general rule, a federal appellate court will not consider an issue not passed upon below, there are circumstances in which the appellate court is justified in resolving the issue, as when the proper resolution is beyond

doubt, *see Singleton v. Wulff*, 428 U.S. 106, 120–121, 96 S.Ct. 2868, 2877, 49 L.Ed.2d 826 (1976), or when the issue is purely one of law and the necessary facts are fully developed, *see Romain v. Shear*, 799 F.2d 1416, 1419 (9th Cir.1986). This is such a case. Here it is undisputed that Hegg was not charged a fee for admission to or use of defendant's recreational facility and that she did not intend to camp there overnight. Thus, her contention that the statute does not apply because defendant charges a fee for overnight camping is without merit.

Remaining for our consideration is the District Court's ruling that there was no genuine issue of material fact on the issue whether defendant acted willfully or maliciously. In reviewing a district court order granting a motion for summary judgment, we apply the same standard as the district court. *Mandel v. United States*, 719 F.2d at 965.

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits ... show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The Supreme Court recently held that "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, —— U.S. ——, 106 S.Ct. 2548, 2552–2553, 91 L.Ed.2d 265 (1986). "[T]he plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment. This is true even where the evidence is likely to be within the possession of the defendant, as long as the plaintiff has had a full opportunity to conduct discovery." *Anderson v. Liberty Lobby, Inc.*, —— U.S. ——, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict...." *Id.* at 2512. Of course, "[c]redibility determinations, the weighing of the evidence, and the drawing of *legitimate* inferences from the facts are jury functions, not those of [the] judge.... The evidence of the non-movant is to be believed, and all justifiable inferences are

to be drawn in [her] favor." *Id.* at 2513 (emphasis added).

■ Viewing the evidence before the District Court under that standard, we agree with the court that defendant is entitled to summary judgment as a matter of law on the issue whether defendant acted willfully or maliciously within the meaning of Iowa Code § 111C.6.1. It was undisputed that defendant was not aware of any injuries to other persons using the swing sets at Coralville; that the swing on which Hegg was swinging was not defective or otherwise unreasonably dangerous; and that soil is a generally acceptable and reasonable material for playground surfaces. The only eyewitness to the accident, Elizabeth Cannell, testified that Hegg fell backward out of the swing and directly to the ground, and never struck the center pole of the swing set or the concrete support base. Hegg nonetheless submitted an affidavit from a medical doctor who opined that based on the nature of her injuries (namely, "a flexion, rotation injury with fracture dislocation at T12–L1"), she probably struck the exposed concrete base while swinging forward, causing her suddenly to pitch forward and slightly left out of the swing. This, in his opinion, would account for the flexion and rotation elements of her injury. The doctor further suggested that it was "indefensible" to allow exposed concrete to exist at the base of the swing set such that users could catch their foot thereon while swinging or strike the concrete if they fell from the swing. The doctor's affidavit obviously was an attempt by Hegg to establish that defendant acted willfully or maliciously in failing to guard against or warn of the alleged danger presented by the concrete base of the swing set.

We agree, however, with the District Court that Hegg's evidence does not raise a genuine issue whether defendant acted willfully or maliciously. Though in opposing the motion for summary judgment Hegg is entitled to all legitimate and reasonable inferences from the evidence, it simply is not reasonable to draw from the evidence submitted here the inference that

defendant acted willfully or maliciously. It is critical in this case that Hegg failed to produce any evidence that defendant was aware of any dangerous condition in the swing set or of any previous injuries to users. Thus, this case is a far cry from the factual situation presented in *Mandel v. United States*, 719 F.2d at 967–968 (defendant, aware of danger of submerged rocks in river and of reasonable foreseeability of injury to swimmers, recommended without warning that plaintiff swim in river). Clearly, under Iowa law, Hegg's evidence, viewed in a favorable light, would not be sufficient to submit the issue of willfulness or malice to the jury. *See e.g., Wendling v. Community Gas Co.*, 120 N.W.2d 401, 405–409 (Iowa 1963) (similar facts found insufficient to submit even on issue of ordinary negligence); *cf. Ferguson v. Kasbohm*, 131 Ill.App.3d 424, 86 Ill.Dec. 605, 609–610, 475 N.E.2d 984, 988–989 (1985) (applying Michigan recreational use statute). We therefore affirm the District Court's granting of summary judgment in favor of defendant.

AFFIRMED.

## APPENDIX

**111C.1. Purpose**

The purpose of this chapter is to encourage private owners of land to make land and water areas available to the public for recreational purposes by limiting their liability toward persons entering thereon for such purposes.

**111C.2. Definitions**

As used in this chapter, unless the context otherwise requires:

1. "Land" means abandoned or inactive surface mines, caves, and land used for agricultural purposes, including marshlands, timber, grasslands and the privately owned roads, water, water courses, private ways and buildings, structures and machinery or equipment appurtenant thereto.

2. "Holder" means the possessor of a fee interest, a tenant, lessee, occupant or person in control of the premises; provided, however, holder shall not mean the state of Iowa, its political subdivisions, or any public body or any agencies, departments, boards or commissions thereof.

3. "Recreational purpose" means the following or any combination thereof: Hunting, horseback riding, fishing, swimming, boating, camping, picnicking, hiking, pleasure driving, motorcycling, nature study, water skiing, snowmobiling, other summer and winter sports, and viewing or enjoying historical, archaeological, scenic, or scientific sites while going to and from or actually engaged therein.

4. "Charge" means any consideration, the admission price or fee asked in return for invitation or permission to enter or go upon the land.

**111C.3. Liability of owner limited**

Except as specifically recognized by or provided in section 111C.6, an owner of land owes no duty of care to keep the premises safe for entry or use by others for recreational purposes, or to give any warning of a dangerous condition, use, structure, or activity on such premises to persons entering for such purposes.

**111C.4. Users not invitees or licensees**

Except as specifically recognized by or provided in section 111C.6, a holder of land who either directly or indirectly invites or permits without charge any person to use such property for recreational purposes does not thereby:

1. Extend any assurance that the premises are safe for any purpose.

2. Confer upon such person the legal status of an invitee or licensee to whom the duty of care is owed.

3. Assume responsibility for or incur liability for any injury to person or property caused by an act or omission of such persons.

**111C.5. Duties and liabilities of owner of leased land**

Unless otherwise agreed in writing, the provisions of sections 111C.3 and 111C.4 shall be deemed applicable to the duties and liability of an owner of land leased, or any interest or right therein transferred to, or the subject of any agreement with, the United States or any agency thereof, or the

state or any agency or subdivision thereof, for recreational purposes.

**111C.6. When liability lies against owner**

Nothing in this chapter limits in any way any liability which otherwise exists:

1. For willful or malicious failure to guard or warn against a dangerous condition, use, structure, or activity.

2. For injury suffered in any case where the owner of land charges the person or persons who enter or go on the land for the recreational use thereof, except that in the case of land or any interest or right therein, leased or transferred to, or the subject of any agreement with, the United States or any agency thereof or the state or any agency thereof or subdivision thereof, any consideration received by the holder for such lease, interest, right or agreement, shall not be deemed a charge within the meaning of this section.

**111C.7. Construction of law**

Nothing in this chapter shall be construed to:

1. Create a duty of care or ground of liability for injury to persons or property.

2. Relieve any person using the land of another for recreational purposes from any obligation which he may have in the absence of this chapter to exercise care in the use of such land and in his activities thereon, or from the legal consequences of failure to employ such care.

3. Amend, repeal or modify the common law doctrine of attractive nuisance.