**John A. KRAEMER, Plaintiff,**

v.

**UNIVERSITY OF MINNESOTA and Patrick J. Spellacy, Defendants.**

**No. 3–89 CIV 530.**

United States District Court, D. Minnesota, Third Division.

Jan. 2, 1990.

John A. Kraemer, Stillwater, Minn., pro se.

Julie A. Sweitzer, Minneapolis, Minn., for defendants.

## ORDER

ALSOP, Chief Judge.

The above-entitled matter came before the court on November 3, 1989 on defendants' motion for summary judgment pursuant to Fed.R.Civ.P. 56(b).

## I. STANDARD OF REVIEW

The Supreme Court has reaffirmed summary judgment as a tool to isolate and dispose of claims or defenses which are either factually unsupported or which are based on undisputed facts. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–324, 106 S.Ct. 2548, 2552–2553, 91 L.Ed.2d 265 (1986); *Hegg v. United States*, 817 F.2d 1328, 1331 (8th Cir.1987). Summary judgment is proper, however, only if examination of the evidence in a light most favorable to the non-moving party reveals no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

■■■ The test for whether there is a genuine issue over a material fact is two-fold. First, the materiality of a fact is determined from the substantive law governing the claim. Only disputes over facts that might affect the outcome of the suit are relevant on summary judgment. *Liberty Lobby*, 477 U.S. at 252, 106 S.Ct. at 2512; *Lomar Wholesale Grocery, Inc. v. Dieter's Gourmet Foods, Inc.*, 824 F.2d 582, 585 (8th Cir.1987). Second, any dispute over material fact must be "genuine." A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. *Liberty Lobby*, 477 U.S. at 252, 106 S.Ct. at 2512. It is the non-moving party's burden to demonstrate that there is evidence to support each essential element of his claim. *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553.

## II. FACTUAL BACKGROUND

This action involves a dispute between the plaintiff John Kraemer and the defendants: his former supervisor, Patrick Spellacy, and his former employer, the University of Minnesota ("University"). Defendants move for summary judgment, and a summary of the facts in a light most favorable to the plaintiff follows.

As of August, 1982 Kraemer, an auditor in the University's Department of Audits, was supervised by Patrick Spellacy. In June of 1986 Spellacy suspended plaintiff for three days because of his alleged poor performance. At that time Kraemer received a warning that if his evaluations continued to be less than satisfactory he would be terminated. Citing continued poor performance on Kraemer's part, Spellacy terminated him effective April 30, 1987 and notified plaintiff of this on April 16, 1987.

Kraemer filed an internal claim with the University on February 22, 1988, 312 days after notice of his termination. In addition, plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on January 12, 1989, approximately one year and nine months after he received his termination notice. The charge identifies April 16, 1987 as the last date on which the alleged discrimination occurred and plaintiff admits that he suspected discrimination by June of 1986 when he was suspended.

The EEOC determined that there was no violation of the Age Discrimination and Employment Act by the University. Plaintiff then filed this lawsuit alleging age discrimination under the act.

## III. ANALYSIS

■■■ Under the Age Discrimination and Employment Act ("ADEA"):

No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission. Such a charge shall be filed—(1) within 180 days after the alleged unlawful practice occurred; or (2) in a case to which section 633(b) of this title applies, within 300 days after the alleged unlawful practice occurred, or within 30 days after receipt by the individual of notice of termination of proceedings under state law, whichever is earlier.

29 U.S.C. § 626(d). Defendants concede that Minnesota is a state with a law prohibiting discrimination in employment, and is a deferral state under section 633(b). Thus, plaintiff had 300 days after notification of the alleged unlawful practice to file his charge.

■■■ Plaintiff received notice of his termination on April 16, 1987 and waited to file a charge with the EEOC until January of 1989, well beyond the permitted 300 days. Summary judgment is appropriate when a plaintiff fails to file an ADEA claim in a timely manner. *Nielsen v. Western Electric Company, Inc.*, 603 F.2d 741 (8th Cir.1979).

■■■ Although he failed to meet the 300–day filing requirement, Kraemer claims there should be an equitable tolling of this period and he should be allowed to go ahead with his suit. The plaintiff, however, has not submitted sufficient evidence

to support such a tolling. Equitable tolling is proper where the employer concealed or misrepresented the reasons for the discharge. *Nielsen*, 603 F.2d at 743. It is clear the plaintiff was not in any way misled by the defendants. Indeed, the plaintiff himself admits that he suspected age discrimination as early as June 1986. In addition, plaintiff received notice of his termination in August of 1987. The court thus finds Kraemer has failed to establish adequate reason to toll the 300–day notice period. Therefore, plaintiff's private cause of action is barred by failure to comply with the requirements of 29 U.S.C. §§ 626, 633(b) and the court will grant defendants' motion for summary judgment.

Accordingly,

IT IS HEREBY ORDERED That:

1. Defendants' motion for summary judgment is GRANTED; and

2. The Clerk of Court shall enter judgment as follows:

IT IS ORDERED, ADJUDGED AND DECREED That the complaint of plaintiff John A. Kraemer is DISMISSED in its entirety and that he have and recover nothing by his action.