Larry L. LIGGINS; Linda Phillips; Ruby Phillips–Pearce; Arie Phillips and Eric Phillips; Cassie Phillips and Makela Phillips by their mother and natural guardian Linda Phillips; and Adetola Pearce by her mother and natural guardian Ruby Phillips–Pearce, Plaintiffs,

v.

Christine MORRIS; Bruce J. Kohn; and the City of Minneapolis, Defendants.

No. 3–89 CIV 52.

United States District Court, D. Minnesota, Third Division.

Oct. 26, 1990.

Spicer, Watson & Carp by Leland S. Watson, Minneapolis, Minn., for plaintiffs.

Marshall and Associates, P.A. by Gail Langfield, St. Paul, Minn., for defendants.

## ORDER

ALSOP, Chief Judge.

The above entitled matter came before the court on September 14, 1990 on defendants' summary judgment motion pursuant to Federal Rule of Civil Procedure 56(b).

## I. STANDARD OF REVIEW

■ The Supreme Court has held that summary judgment is to be used as a tool to isolate and dispose of claims or defenses which are either factually unsupported or which are based on undisputed facts. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–324, 106 S.Ct. 2548, 2553–2554, 91 L.Ed.2d 265 (1986); *Hegg v. United States,* 817 F.2d 1328, 1331 (8th Cir.1987). Summary judgment is proper, however, only if examination of the evidence in a light most favorable to the non-moving party reveals no genuine issue of material fact and the mov-

ing party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

■ The test for whether there is a genuine issue over a material fact is two-fold. First, the materiality of a fact is determined from the substantive law governing the claim. Only disputes over facts that might affect the outcome of the suit are relevant on summary judgment. *Liberty Lobby,* 477 U.S. at 252, 106 S.Ct. at 2512; *Lomar Wholesale Grocery, Inc. v. Dieter's Gourmet Foods, Inc.,* 824 F.2d 582, 585 (8th Cir.1987). Second, any dispute over material fact must be "genuine." A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. *Liberty Lobby,* 477 U.S. at 252, 106 S.Ct. at 2512. It is the non-moving party's burden to demonstrate that there is evidence to support each essential element of his claim. *Celotex,* 477 U.S. at 324, 106 S.Ct. at 2554.

## II. FACTUAL BACKGROUND

This action arose out of an encounter plaintiffs had with members of the Minneapolis Police Department on April 18, 1988. On that day, the Minneapolis Police Department high-risk entry team executed a search warrant at 717 Emerson Avenue North, Apartment 102, which was leased by Linda Phillips.

In 1987 through the end of 1989, Sergeant Christine Morris was assigned to a neighborhood police team in the public housing area of North Minneapolis that included the Cecil Newman project where the Phillips apartment is located. The neighborhood police team consisted of Sergeant Morris, housing control officers, and other Minneapolis police officers, all of whom concentrated on a small area of North Minneapolis. Cecil Newman is a small, privately owned apartment complex on the corner of Seventh Avenue North and Emerson and includes several buildings.

Defendants claim that Sergeant Morris received information from two confidential

reliable informants (CRI) with respect to 717 Emerson Avenue North, Apartment 102, Linda Phillips's residence. The first CRI was sent to 717 Emerson Avenue North, Apartment 204, to make a "buy" of crack and was informed they were out and to go down to Apartment 102. When the first CRI went to Apartment 102, a black male answered and stated he only sold to people he knew.

The second CRI was sent to Apartment 102 based on the information received from the first CRI and reported to Sergeant Morris that crack was purchased. Based upon the information from the second CRI, Morris applied for and obtained a search warrant.

Plaintiffs contend, however, that only the first CRI was involved in developing probable cause for the warrant that led to the crack raid of April 18, 1988. Thus, they claim that the only basis for Morris's search warrant was the information from the first CRI that he had gone to 717 Emerson Avenue North, Apartment 204, to purchase crack, was told by the person at the door that there was no crack cocaine available and that it could be purchased "downstairs."

On April 18, 1988, Morris met with the Emergency Response Unit (ERU) team prior to executing the warrant at Linda Phillips's apartment. At approximately 6:00 p.m. the ERU team and Officer Morris executed the search warrant at Linda Phillips's apartment. Linda Phillips was home and the remaining plaintiffs were there as guests.

Plaintiff Larry Liggins alleges that during the search both Officer Kohn and Officer Morris assaulted him. He claims that initially, when the ERU came in the door, Officer Kohn repeatedly stomped upon him. In addition, he claims that after the ERU had completely secured the apartment, Morris entered the apartment and, with no reason, kicked and shoved Liggins while he was handcuffed and on his knees and violently threw him to the floor.

Plaintiffs also allege that the officers made various comments to them during the search. Plaintiff Cassie Phillips claims that during the search defendant Morris told her that she knew they were in the wrong house but had to "go through with it and make it look right." Additionally, various plaintiffs say they heard the police making sarcastic remarks and laughing about the food they were eating at dinner. The plaintiffs also claim that ERU members and police used foul and demeaning language during the search.

Plaintiffs contend, in addition, that during the search of the apartment, the police officers destroyed items of personal property belonging to plaintiffs, including a television, a chair and a Christmas tree. Finally, plaintiffs claim that at some point during the search of the residence, the police conducted limited strip searches on Cassie Phillips and Larry Liggins and conducted patdown searches on the remaining plaintiffs.

After the officers completed the search, Sergeant Morris issued two tags for operating a disorderly house to Larry Liggins and Linda Phillips. Sergeant Morris later cancelled these tags when, on April 19, 1988 she learned that the initial request for a search warrant and the subsequent execution of that warrant were based in part on inaccurate information received from the second CRI. The CRI told Morris that he had purchased the crack from *721* Emerson Avenue, Apartment 102, *not* from *717* Emerson Avenue North, Apartment 102, which was Linda Phillips's apartment.

## III. ANALYSIS

■ The format of the complaint in this action is typical of that used by many other practitioners in actions brought under 42 U.S.C. § 1983. The action arises from a single episode involving a number of persons, all of whom are joined as plaintiffs. Usually the defendants are a number of law enforcement officials, a police or sheriff's department, and a municipality or other public body. In this instance, the defendants are two police officers and the City of Minneapolis. Although the claims are divided into separate counts, all possible constitutional violations and all common

law claims are asserted on behalf of all plaintiffs against all named defendants.

■ Constitutional claims brought under 42 U.S.C. § 1983 are discrete claims and as such should not be pled in this shotgun manner. Almost invariably, complaints using this format are met with motions to dismiss or summary judgment under Federal Rules of Civil Procedure 12(b)(6) and 56. It is then left to the court to divine what discrete constitutional violations are in fact legitimate and proper as to each plaintiff and as against each defendant. The court must and does ferret out and dismiss those alleged constitutional violations that patently cannot be maintained. The process is time consuming, fraught with frustrations for both the court and counsel, and disrupts the orderly processing of legitimate claims. Although Rule 8 provides for notice pleading, it demands greater specificity than that found in this complaint or in others pled in the same manner.

■ The time has come for practitioners in this district to prepare complaints alleging violations of 42 U.S.C. § 1983 in a fashion that will identify the specific claims of individual plaintiffs for specific constitutional violations as against only culpable defendants. This court is no longer disposed to perform what should be the responsibility of diligent counsel in that regard. Accordingly, when hereafter confronted with a complaint that does nothing more than identify a multitude of parties plaintiff, a number of defendants, a series of counts, and allegations of violations of every known constitutional provisions and common law cause of action, the court will deem the complaint inadequate. Such a complaint will be subject to dismissal for failure to comply with Rule 8 and Rule 11 of the Federal Rules of Civil Procedure. In addition, the potential application of sanctions in the form of attorney's fees or other appropriate relief under Rule 11 will be seriously addressed.

As noted above, plaintiffs have filed a myriad of claims against the three defendants relating to the officers' behavior that evening. At the September 14, 1990 hearing on this matter, the court addressed plaintiffs' claims seriatim, granting, denying, or taking under advisement various counts against the various defendants. The court will first describe those counts against particular defendants that were granted or denied at the hearing. Then it will address the remaining counts taken under advisement.

Plaintiffs allege in Count I that the defendants violated 42 U.S.C. § 1983 by infringing upon their first, fourth, fifth, sixth and 14th amendment rights under the United States Constitution. Defendants' summary judgment motion was granted on the following Count I claims: the first amendment claim, the fifth amendment claim for self-incrimination and false arrest, the sixth amendment claim, the 14th amendment claim for due process violations, and the final claim for freedom from summary punishment. The court denied the summary judgment motion under Count I as to the fourth amendment excessive force claim as to Larry Liggins. However, it granted defendants' summary judgment motion on the excessive force claim as to the remaining plaintiffs. Finally, the court took under advisement the summary judgment motion under Count I as to the fourth amendment search and seizure claim against all defendants.

Count II of the complaint alleges the City's policy of using ERUs on all narcotics warrants caused the constitutional violation. The court took this count under advisement at the hearing.

Count III alleges the individual defendants, Christine Morris and Bruce Kohn, assaulted and battered the plaintiffs. The court denied defendants' motion for summary judgment as to this count.

Count IV alleges abuse of criminal process by individual defendants Christine Morris and Bruce Kohn. The court granted defendant Bruce Kohn's motion for summary judgment on this count. It also granted defendant Christine Morris's summary judgment motion as to plaintiff Larry Liggins. However, it denied summary judgment on Linda Phillips's claim against Christine Morris. The remaining plaintiffs

did not allege an abuse of the criminal process against Christine Morris or Bruce Kohn and therefore this is not an issue in the case at hand.

In Count V, plaintiffs allege Christine Morris and Bruce Kohn falsely imprisoned them. The court took this claim under advisement at the hearing.

The final count for negligent criminal investigation, was alleged against all defendants. The court granted defendants' motion for summary judgment as to this count.

In summary then, those counts that the court took under advisement include: Count I, plaintiffs' fourth amendment unreasonable search and seizure claim against all defendants; Count II, unconstitutional policy claim against the City of Minneapolis; and Count V, false imprisonment claim against Christine Morris and Bruce Kohn by all plaintiffs.

■ Plaintiffs claim three separate fourth amendment violations. They claim the search of the apartment, the strip searches of two plaintiffs and patdown and strip searches of the remaining plaintiffs, and the seizure of their persons at the apartment violated the fourth amendment. As the court finds a genuine issue of material fact remains as to whether the officers' search of Linda Phillips's apartment was constitutional, it will deny summary judgment as to this issue. Similarly, the court finds a genuine issue of material fact as to the constitutionality of the strip searches of Cassie Phillips and Larry Liggins and the patdown searches of the remaining plaintiffs. Therefore, it will also deny summary judgment as to this issue.

■ The court will grant summary judgment, however, on the final fourth amendment claim. On this claim, plaintiffs argue that the manner in which the police detained them during the search of Linda Phillips's apartment was unconstitutional. It is well-settled, however, that there is no fourth amendment violation for detaining individuals not mentioned in a search warrant if they are present at a premises while a search is being conducted. *Michigan v.*

*Summers,* 452 U.S. 692, 101 S.Ct. 2587, 69 L.Ed.2d 340 (1981). Therefore, the court will grant defendants' motion for summary judgment as to the detention issue.

■ In Count II, plaintiffs allege that the City of Minneapolis's mandatory policy requiring an officer to use an ERU for all raids of crack houses led to the constitutional violations alleged in their complaint. At this point, the only remaining constitutional claims against the police officers include Larry Liggins's claim for excessive force against Christine Morris and Bruce Kohn, and the fourth amendment claims that the search of the house and the residents were unconstitutional. Plaintiffs fail to show how the City's policy of using emergency response units to raid crack houses could have caused these constitutional violations. Therefore, the court will grant defendant City of Minneapolis's motion for summary judgment as to Count II.

■ Finally, the last issue the court took under advisement involved plaintiffs' false imprisonment claims against Christine Morris and Bruce Kohn. In supplemental briefing by the plaintiffs, they conceded that the state claim for false imprisonment under common law is unavailable to them because the officers who first entered the dwelling were members of the Emergency Response Unit executing a warrant that, on its face, appeared legally sufficient. Therefore, the court will grant summary judgment as to this remaining claim as well.

Accordingly,

IT IS HEREBY ORDERED That:

1. The defendants' motion for summary judgment as to the search of Linda Phillips's apartment is DENIED;

2. Defendants' motion for summary judgment as to the alleged limited strip searches of Cassie Phillips and Larry Liggins is DENIED;

3. Defendants' motion for summary judgment as to the patdown searches of the remaining plaintiffs is DENIED;

4. Defendants' motion for summary judgment as to the plaintiffs' fourth

amendment claim for seizure of their person during the search of the apartment is GRANTED;

5. Defendant City of Minneapolis's motion for summary judgment on Count II, unconstitutional municipal policy, is GRANTED; and

6. Defendants' motion for summary judgment on Count V, false imprisonment, is GRANTED.