**Kacy Alan BIRD, Appellant,**

**v.**

**ECONOMY BRICK HOMES, INC., Appellee.**

**No. 92–682.**

Supreme Court of Iowa.

April 21, 1993.

Larry L. Miller, Des Moines, for appellant.

Glen Goodwin and Steven K. Scharnberg of Finley Law Firm, Des Moines, for appellant.

Considered by HARRIS, P.J., and LARSON, SCHULTZ, LAVORATO, and ANDREASEN, JJ.

PER CURIAM.

This case involves the application of Iowa's recreational land use statute, Iowa Code ch. 111C (1991). More specifically, it involves the application of section 111C.6's exceptions to the statute's general rule of limited liability for landowners.

The facts are not disputed. Kacy Alan Bird injured himself while operating an off-road motorcycle, without authorization, on land owned by Economy Brick Homes, Inc. (Economy). The motorcycle was being used for recreational purposes. Bird struck a steel cable that Economy placed across an access road to prevent vehicles from entering the property. At the time of the accident, there were no markings on the cable to keep it from blending with its surroundings. Bird subsequently brought suit against Economy, seeking damages for his injuries.

Economy moved for summary judgment on the ground that, pursuant to chapter 111C, landowners have limited liability for injuries that result from the unauthorized recreational use of their property. Bird resisted on the ground that section 111C.6 provides an exception to this limited liability when the landowner willfully fails to guard against a dangerous condition, use, structure, or activity. Bird argued that placing the cable across the access road amounted to a willful failure to guard against a dangerous condition.

The district court granted the defendant's motion for summary judgment. It determined that Economy's placement of the cable across the access road was not a

willful failure to guard against a dangerous condition. Bird now appeals.

On appeal, Bird claims the district court erred in granting summary judgment because a genuine issue of fact existed as to whether Economy "willfully or maliciously failed to guard against a dangerous condition." Economy responds that Bird presented no evidence of willfulness or maliciousness other than the mere placement of the cable across the access road, and without more, summary judgment was appropriate.

Iowa Code section 111C.3 states:

> Except as specifically recognized by or provided in section 111C.6, an owner of land owes no duty of care to keep the premises safe for entry or use by others for recreational purposes, or to give any warning of a dangerous condition, use, structure, or activity on such premises to persons entering for such purposes.

Bird appears to concede the application of section 111C.3; however, he claims this case falls within the exception outlined in section 111C.6(1). Section 111C.6(1) states:

> Nothing in this chapter limits in any way any liability which otherwise exists:
>
> 1. For willful or malicious failure to guard or warn against a dangerous condition, use, structure, or activity.

The Iowa cases that have considered the application of section 111C did not address section 111C.6. *See Scott v. Wright*, 486 N.W.2d 40 (Iowa 1992); *Peterson v. Schwertley*, 460 N.W.2d 469 (Iowa 1990). The application of section 111C.6 was considered by the United States Court of Appeals for the Eighth Circuit in *Hegg v. United States*, 817 F.2d 1328 (8th Cir.1987).

*Hegg* involved a plaintiff who allegedly injured herself on the exposed concrete base of a swing set at a recreational area of the Coralville Lake Reservoir. *Id.* at 1329. The plaintiff filed suit against the United States, alleging federal employees negligently constructed the swing set and failed to warn of its dangerous condition. *Id.* The defendant filed a motion for summary judgment claiming it was immune from liability pursuant to section 111C. *Id.* The plaintiff resisted. *Id.* She claimed there was a genuine issue of material fact as to whether the defendant acted willfully or maliciously within the meaning of section 111C.6(1). *Id.* The district court granted the defendant's motion. *Id.* at 1330. The Eighth Circuit affirmed. *Id.* at 1332. It determined it was "not reasonable to infer the defendant acted willfully or maliciously." *Id.*

The Eighth Circuit also stated that it was "critical in the case Hegg failed to produce any evidence that the defendant was aware of any dangerous condition in the swing set or of any previous injuries to users." *Id.* This suggests the Eighth Circuit required a finding the defendant had knowledge of the dangerous condition before finding the defendant acted willfully or maliciously. Other than *Hegg*, there is no case law interpreting the meaning of willfully or maliciously within the context of section 111C.6(1).

While attempting to define the willful injury of timber for purposes of the application of treble damages, this court stated that "willful" is an elastic word in ordinary conversation with a legal meaning that is not always well defined. *Clark v. Sheriff*, 247 Iowa 509, 515, 74 N.W.2d 569, 573 (1956). Its meaning depends on the context in which it is used. *Id.* Several other jurisdictions have recreational land use statutes similar to Iowa's chapter 111C. Some of these jurisdictions have defined "willful or malicious" in the context of a land use statute.

Louisiana's land use statute provided an exception to the general immunity for landowners when there was a "deliberate and willful or malicious" injury to persons or property. La.Rev.Stat.Ann. § 9:2791 (West 1980). The Louisiana Court of Appeals determined this exception required the landowners to have had a conscious design to injure. *Rushing v. Louisiana*, 381 So.2d 1250, 1252 (La.App.1980).

Arkansas' land use statute required a plaintiff to prove a landowner willfully or maliciously "failed to guard or warn against a dangerous condition use, structure, or activity." Ark.Code Ann. § 50–

1106 (Michie 1981). The United States District Court for the Western Division of Arkansas interpreted this statute in *Mandel v. United States,* 545 F.Supp. 907 (W.D.Ark.1982). It determined the plaintiff must show: "(1) defendants' conduct would naturally or probably result in injury; (2) that defendants knew or reasonably should have known that their conduct would so result in injury; and (3) that defendants continued such course of conduct in reckless disregard of the consequences." *Id.* at 913.

Pursuant to Michigan's land use statute, a plaintiff could recover only upon a showing of "gross negligence or willful and wanton misconduct." Mich.Comp.Laws § 300.201 (1981). The Michigan Supreme Court defined "willful and wanton misconduct" as conduct that "shows an intent to harm or, if not that, such indifference to whether harm will result as to be the equivalent of a willingness that it does." *Burnett v. City of Adrian,* 414 Mich. 448, 326 N.W.2d 810 (1982).

Decisions from other jurisdictions have held that the placement of a cable across an access road, without more, did not amount to willful or malicious conduct. *See Sega v. State,* 60 N.Y.2d 183, 469 N.Y.S.2d 51, 456 N.E.2d 1174 (1983); and *Wirth v. Ehly,* 93 Wis.2d 433, 287 N.W.2d 140 (1980). Conversely, the Salem County Court of New Jersey held that the placement of a cable across a trail created a jury question on the issue of whether this amounted to willful or malicious conduct. *Krevics v. Ayars,* 141 N.J.Super. 511, 358 A.2d 844 (County Court 1976).

We subscribe to the view that the mere placement of the cable across the access road, without more, did not create an issue of material fact as to whether Economy acted willfully or maliciously. We affirm the district court's grant of summary judgment.

**AFFIRMED.**