John A. MULLER, Personal Representative of the Estate of A. Eugene Muller, a/k/a Albrecht Eugene Muller, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. 3–92 CIV 492.

United States District Court,
D. Minnesota,
Third Division.

May 13, 1993.

**1260**

Meier, Kennedy & Quinn by John C. Gunderson, St. Paul, MN, for plaintiff.

Thomas B. Heffelfinger, U.S. Atty. by John A. Marrella, U.S. Dept. of Justice, Tax Div., Washington DC, for defendant.

### ORDER

ALSOP, Senior District Judge.

The above-entitled matter came before the Court on Friday, April 30, 1993, on cross-motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the reasons stated herein, the Court will grant plaintiff's motion.

### STANDARD FOR SUMMARY JUDGMENT

The Supreme Court has held that summary judgment is to be used as a tool to isolate and dispose of claims or defenses that are either factually unsupported or based on undisputed facts. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–324, 106 S.Ct. 2548, 2552–2553, 91 L.Ed.2d 265 (1986); *Hegg v. United States*, 817 F.2d 1328, 1331 (8th Cir.1987). Summary judgment is proper, however, only if examination of the evidence in a light most favorable to the non-moving party reveals no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

### BACKGROUND

On October 1, 1986, A. Eugene Muller ("Decedent") executed a Deed transferring fee title in his residence to his son, John A. Muller ("Plaintiff"), and his wife, Roxanne Muller, subject to a life estate interest in favor of decedent.[1] Pursuant to the life estate, Decedent continued to live at the property until his death on September 3, 1987, approximately eleven months later. The value of the remainder interest sold to John and Roxanne Muller was $62,000.00. In consideration for the transfer of the remainder interest, John and Roxanne Muller gave Decedent a Promissory Note for $62,000.00, with interest at nine per cent, payable over thirty years. At the time of the sale of his residence, Decedent was over age fifty-five and had lived in the residence for three or more years prior to the sale.

In their tax return for 1986, Decedent and his wife, Ethel K. Muller (deceased December 9, 1986), timely filed Schedule D, Form 1040. In addition, Decedent filed Form 2119, Sale or Exchange of Principle Residence, indicating the taxpayer's election of the section 121, "age 55 or over one-time exclusion." On Form 2119, Decedent reported the entire gain realized from the sale of his residence. Finally, Decedent also filed Form 6252, Computation of Installment Sale Income, and reported installment sale income from an unrelated partnership interest. It is undisputed that the IRS has not assessed any tax deficiency against A. Eugene Muller or his estate for tax year ending December 31, 1986.

After Decedent's death on September 3, 1987, Plaintiff was appointed as the Personal Representative of Decedent's estate. At the time of Decedent's death, there was a balance due on the Promissory Note of $61,612.00. Pursuant to the terms of Decedent's will, John A. and Roxanne Muller were discharged from any liability on the unpaid balance. As Personal Representative of Decedent's estate, Plaintiff timely filed Form 1041, Fiduciary Income Tax Return, for the period beginning September 3, 1987 and ending December 31, 1987, showing taxes due of $2,933.39 for the year 1987. No gain from the cancellation of the note was reported in the 1987 Fiduciary Income Tax Return for the estate.

---

1. The Deed was filed with the Ramsey County Recorder's office as Document No. 2368035.

On May 3, 1990, pursuant to an audit, the IRS provided Plaintiff with a report making adjustments to income tax liability on the 1987 Fiduciary Income Tax Return in the amount of $15,837.00 pursuant to Form 4549. Plaintiff filed a letter of protest and appealed to the Regional Office of Appeals from the findings of the Examiner set forth in Form 4549. An appeal's conference was held on August 13, 1990. On August 14, 1990, Plaintiff notified the IRS Appeal's office that an additional issue under protest was that the statute of limitations regarding the proposed tax liability at issue had expired. On May 13, 1991, Plaintiff filed a notice of deficiency waiver Form 4089 regarding fiduciary tax liability for tax year ending December 31, 1987 in the amount of $15,837.00. Plaintiff also enclosed a check in the amount of $22,-204.96 representing the past due income tax liability of $15,837.00, plus accrued interest through May 15, 1991 in the amount of $6,367.96. The IRS assessed taxes in the amount of $15,837.00, plus interest in the amount of $6,367.96, for the Estate of A. Eugene Muller for tax year ending December 31, 1987, before July 13, 1991, 60 days after the effective date of the waiver. On October 8, 1991, Plaintiff filed an amended U.S. Fiduciary Income Tax Return (Form 1041) for the calendar year 1987 disclosing over-payment of $22,204.96 with supporting memorandum. On July 23, 1992, Plaintiff timely filed the present action, claiming that he was owed a refund under IRC § 7422.

### DISCUSSION

■ Plaintiff argues that he is entitled to a refund of the amount at issue because (1) there could be no gain arising out of the 1986 sale because section 121 applies; or, alternatively, (2) no installment sale occurred in 1986 so that the gain, if any, was reportable entirely in 1986, as to which the statute of limitations for assessment has already ex-pired. In response, the IRS contends that the amount of the obligation owed Decedent for the sale that was canceled when Decedent died should be included as gross income of Decedent's estate in 1987 pursuant to Internal Revenue Code Section 691. The IRS argues that (1) the gain from the sale is not properly excluded under IRC Section 121; (2) Decedent did not elect out of installment method treatment of the gain from the sale on his 1986 tax return; and, (3) the amount of the obligation canceled when Decedent died should be included as gross income of Decedent's estate in 1987 pursuant to IRC Sections 691 and 453. The parties agree that there are no genuine issues of material fact and that this matter is ripe for summary judgment.

For the reasons stated below, the Court concludes that Decedent did elect out of installment method treatment of the gain from the sale in his 1986 tax return. Therefore, because the gain was reported completely in 1986, and because the IRS is unable to assess or collect any further taxes from the 1986 tax year, the taxpayer is entitled to a full refund.

IRC § 6501 provides in pertinent part that "[t]he amount of any tax imposed by this title shall be assessed within three (3) years after the return was filed...." In the present action, it is undisputed that Decedent's 1986 tax return was timely filed and that the three year statute of limitations for tax year 1986 expired before any assessment was made. Thus, the IRS cannot assess any additional taxes for the tax year ending December 31, 1986.

IRC § 453(d)(2) states that an election out of installment method treatment "shall be made in the manner prescribed by the regulations." The relevant IRS regulation directs the taxpayer choosing to elect out of installment treatment method to use the "appropriate forms".[2] A brief summary of the

---

2. Temporary Treasury Regulation Section 15A.453–1(d)(3) provides in pertinent part:

An election ... must be made on or before the due date prescribed by law ... for filing the taxpayer's return for the taxable year in which the installment sale occurs. The election must be made in the manner prescribed by the appropriate forms for the taxpayer's return for the taxable year of the sale. A taxpayer who reports an amount realized equal to the selling price including the full face amount of any installment obligation on the tax return filed for the taxable year in which the installment sale occurs will be considered to have made an effective election [not to report an installment sale on the installment method].

instructions on relevant forms regarding this issue is necessary.

First, IRS Publication 457, entitled *Installment Sales,* provides instructions for reporting income under the installment method and for electing out of installment method treatment. If a taxpayer chooses to elect out of installment method treatment, IRS Publication 457 instructs:

### Electing Out

You can choose not to have the installment sale rules apply to your sale. If you make the choice, you must report your entire gain from the sale on your return for the year of sale, even though you will not be paid all of the selling price until later.

.　　.　　.　　.　　.

**How to elect out.** If you want to make this choice, do not report your sale on Form 6252. Instead, report it on Schedule D (Form 1040) or Form 4797, whichever is appropriate.

IRS Publication 457, at 8.[3] If one does not choose to elect out of the installment treatment method, IRS Publication 457 provides:

### Reporting on Installment Sale

You must use Form 6252, *Computation of Installment Sale Income,* anytime you have a sale of property that you report as an installment sale.

*Id.* at 13.

Form 6252, used for reporting installment sale income, also provides:

Use Form 6252 unless you elect not to report the sale on the installment method. If you want to elect out, see the instructions for **Schedule D** or **Form 4797**....

IRS Form 6252.

Finally, the instructions for Schedule D, Capital Gains and Losses and Reconciliation of Form 1099–B, provide in pertinent part:

### Sale of Residence

Use Form 2119, Sale or Exchange of Principal Residence, whether or not you bought another one.

.　　.　　.　　.　　.

### Installment Sales

If you sold property at a gain and you will receive payment in a tax year after the year of sale, you must report the sale on the installment method, unless you elect not to. Use Form 6252, Computation of Installment Sale Income.

.　　.　　.　　.　　.

If you want to elect out of the installment method, report the sale as follows on a timely filed return (including extensions):

(1) Report the full amount of the sale on Schedule D.

(2) If you received a note or other obligation and are reporting it at less than face value (including all contingent payment obligations), complete Part V....

General Instructions for Schedule D at 24.

In the present case, the IRS contends that Decedent did not properly elect out of installment method treatment in his 1986 tax return because he did not (1) "report the full amount of the sale on Schedule D," and (2) complete Part V of Schedule D in his 1986 tax return. It is true that Decedent did not list the full amount of the sale on Schedule D, Part II, Line 9(c), nor list on Schedule D, Part II, Line 10, that the "[l]ong-term gain from sale or exchange of a principal residence from Form 2119, lines 6, 8, or 12" was "0". Instead, Decedent completed Form 2119, Sale or Exchange of Principal Residence. On Form 2119, Decedent reported the sale of his residence, listing the selling price of his residence in the amount of $150,-000.00. In addition, on Part I of Form 2119, Decedent reported a gain from the sale of his residence in the amount of $100,000.00. In Part II of Form 2119, the entire $100,000 gain from the sale of the residence was excluded from income pursuant to the "Age 55 or Over One–Time Exclusion" under IRC § 121. In addition to filing Schedule D and Form 2119 as part of his 1986 tax return, Decedent also filed Form 6252. In Form 6252, used for reporting installment sale income, Decedent reported installment sale income only in regard to an unrelated partnership interest.

---

**3.** Form 4797 is inapplicable in the present case. Form 4797 is used to report gains or losses from sales or exchanges of assets used in a trade or business, and involuntary conversions.

Although Decedent did not list the full amount of the sale on Schedule D, Part II, Line 9(c), as Schedule D instructed, the Court concludes that Decedent's 1986 tax return affirmatively indicated that he was electing out of installment method treatment. Decedent reported the entire sale amount and gain on Form 2119, as instructed. Further, Decedent obviously was aware of the use of Form 6252 because he filed the form to report other, unrelated installment sale income. Nevertheless, Decedent did not report the sale of his principal residence as installment sale income. The instructions for reporting installment sale income, including Publication 457, the instructions for Schedule D, and even the instructions for Form 2119, all state that all installment sale income should be reported on Form 6252. Finally, the Court considers it inconsistent for Decedent to exclude all income from the sale of his principal residence under IRC § 121 and then to continue to do this each year under an installment method treatment. The more efficient and logical manner for accomplishing the one-time exclusion under section 121 would be to have all the income recognized in one year, by electing out of installment method treatment, and then have all the gain excluded in that same year. The Court finds that this is what Decedent intended when he filed his 1986 income tax return. For these reasons, the Court concludes that Decedent sufficiently and affirmatively indicated on his 1986 tax return that he was electing out of installment method treatment.

As such, the entire gain from the sale of Decedent's principal residence was reported in the closed tax year of 1986. Both parties agree, and this Court concludes, that if the Decedent properly elected out of installment method treatment, plaintiff is entitled to a full refund. Accordingly, the Court will grant plaintiff's motion for summary judgment. Further, because the Court finds that Decedent properly elected out of the installment method treatment, it is irrelevant whether the Decedent's exclusion of any gain from the sale under IRC § 121 was proper or not because the 1986 tax year is a closed year. Thus, the Court respectfully declines to decide the first-impression issue of whether a taxpayer may exclude the gain from the sale of his principal residence when he or she retains a life interest in the property.

Plaintiff also moves for an award of costs and attorney's fees pursuant to IRC Section 7430. Under section 7430, plaintiff must establish that the position of the United States "was not substantially justified." IRC § 7430(c)(4). The Court concludes that plaintiff has not made such a showing. Consequently, plaintiff's motion for costs and attorney's fees will be denied.

Accordingly, upon review of all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** That

(1) Plaintiff's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure is GRANTED;

(2) Defendant's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure is DENIED;

(3) The Clerk of Court shall enter judgment as follows:

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** That plaintiff John A. Muller have and recover $22,204.96, plus interest, from defendant United States of America.