# IN THE COURT OF APPEALS OF IOWA

No. 4-047 / 13-0672
Filed March 12, 2014

**TIMOTHY MICHAEL BASQUIN,**
    Plaintiff-Appellant,

**vs.**

**CITY OF FAIRBANK, IOWA,**
    Defendant-Appellee.
_____

Appeal from the Iowa District Court for Buchanan County, Joel A. Dalrymple, Judge.

The plaintiff appeals from the district court order granting summary judgment in favor of the defendant. **AFFIRMED.**

Thomas P. Frerichs of Frerichs Law Office, P.C., Waterloo, for appellant.

Wilford H. Stone and Amy L. Reasner of Lynch Dallas, P.C., Cedar Rapids, for appellee.

Considered by Vaitheswaran, P.J., Mullins, J., and Eisenhauer, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**EISENHAUER, S.J.**

Timothy Basquin appeals from the district court order granting summary judgment in favor of the City of Fairbank. He argues he generated a fact question on the issue of whether the City willfully or maliciously failed to warn against a dangerous condition on its property. We review the district court's grant of summary judgment for the correction of errors at law. *Jones v. Univ. of Iowa*, 836 N.W.2d 127, 139 (Iowa 2013).

Summary judgment should be granted only where there is no genuine issue of material fact in dispute and the moving party is entitled to judgment as a matter of law. *Id.* In reviewing a grant of summary judgment, we view the record in the light most favorable to the nonmoving party. *Id.* at 140. We draw all legitimate inferences the evidence bears in order to establish the existence of a fact question. *Id.*

In light of the foregoing requirements, we find the evidence establishes that on January 31, 2010, Basquin was operating a snowmobile near a pedestrian bridge owned by the City. The bridge was tethered with a slack, unmarked cable, which was not visible to Basquin. When the snowmobile's skis hit the tethering cable, the cable smashed through the snowmobile's windshield and Basquin was seriously injured.

Basquin filed an action against the City, alleging it willfully or maliciously failed to guard or warn the public of a dangerous condition. After a hearing, the district court granted the City's motion for summary judgment. The court found the City owed Basquin no duty. It held Basquin failed to present sufficient evidence by which a reasonable person could find the City acted in a manner

amounting to a willful or malicious failure to guard or warn against a dangerous condition as required under Iowa Code section 321G.22 (2009).

Basquin contends the district court applied an improper standard of law. He first complains the district court erred in weighing the evidence concerning the condition of the cable because it found "the coloring and condition of the said sheathing is a factual question in dispute and thus is given no weight in the ruling set forth below." He argues the court should have viewed the evidence in the light most favorable to him and found the sheathing's coloring and condition increased the risk of danger. While we agree a fact finder could reasonably conclude the tethering cable presented a dangerous condition, we also agree with the trial court's conclusion this fact is not dispositive in resolving the question of whether the City willfully or maliciously failed to warn or guard against this dangerous condition.

Basquin also complains the district court erred in viewing the evidence regarding the purpose and necessity of the tethering cable. In this regard, the district court found as follows:

> Whether the city and its representative were correct in their understanding of the necessity and purpose of the cables (which is factually in dispute), the Court finds as fact that the relevant individuals employed by or associated with the City of Fairbank understood the cables were present to stabilize the footbridge if the river floods and to stop vandals from trying to rock or flip the footbridge. Other than the plaintiff's expert, no engineer or expert has ever told the relevant individuals pertaining to the City of Fairbank that the tethering cables to the footbridge serve no purpose. The City of Fairbank had never been notified by any state or federal official that the footbridge and its tethering cables were deficient in any way, nor had the City of Fairbank ever been advised the footbridge and its related tethering cables presented a hazard to snowmobilers or other recreational users utilizing the park or waterway.

The evidence supports this finding. Even if we presume the tethering cable was unnecessary, the evidence shows the City believed the cable's purpose was to stabilize the bridge. There is no evidence to show the City knew the cable was unnecessary or that it presented a hazard.

Basquin also contends the court erred in its application of law in granting summary judgment. Iowa Code section 321G.22 states in pertinent part:

> The state, its political subdivisions, . . . and their agents and employees owe no duty of care to keep the public lands . . . under the control of the state or a political subdivision safe for entry or use by persons operating a snowmobile, or to give any warning of a dangerous condition, use, structure, or activity on the premises to persons entering for such purposes, except in the case of willful or malicious failure to guard or warn against a dangerous condition, use, structure, or activity. The state, its political subdivisions, . . . and their agents and employees are not liable for actions taken to allow or facilitate the use of public lands . . . except in the case of a willful or malicious failure to guard or warn against a dangerous condition, use, structure, or activity.

Therefore, the City was under no duty to warn Basquin, a snowmobile operator, of the presence of the tethering cable—no matter how dangerous—unless the failure to do so rose to the level of a "willful or malicious failure." *See* Iowa Code § 321G.22. The question before us is whether Basquin raised a fact question regarding whether the City acted willfully or maliciously in failing to guard against or warn him of the location of the tethering cable.

Because there is no Iowa authority interpreting the "willful or malicious" language of section 321G.22, we, like the district court, turn to case law interpreting a similar statutory provision. In *Bird v. Economy Brick Homes, Inc.*, 498 N.W.2d 408, 408-10 (Iowa 1993), our supreme court applied the provisions of section 111C.6 (1991), which provide an exception to a landowner's limited

liability when the landowner willfully fails to guard against a dangerous condition, to a specific set of facts. Bird was operating an off-road motorcycle on land owned by Economy Brick Homes when he was injured when he struck an unmarked cable Economy Brick Homes had placed across an access road to prevent vehicles from entering. *Bird*, 498 N.W.2d at 408. Although chapter 111C gave landowners limited liability for injuries that result from unauthorized recreational use of their property, Bird argued Economy Brick Homes's action amounted to a willful or malicious failure to guard against a dangerous condition, an exception to a landowner's limited liability as set forth in section 111C.6. *Id.* at 409. The court concluded "the mere placement of the cable across the access road, without more, did not create an issue of material fact as to whether Economy acted willfully or maliciously." *Id.* at 410.

The *Bird* court relied in part on *Hegg v. United States*, 817 F.2d 1328 (8th Cir. 1987), in reaching its conclusion. *See id.* at 409. In *Hegg*, the Eighth Circuit interpreted the meaning of willfully or maliciously in the same code section and found it was not reasonable to infer a defendant acted willfully or maliciously in its allegedly negligent construction of a swing set. 817 F.2d at 1332. The court was critical of the plaintiff's failure "to produce any evidence that the defendant was aware of any dangerous condition in the swing set or of any previous injuries to users." *Id.* The *Bird* court interpreted this to mean "the Eighth Circuit required a finding the defendant had knowledge of the dangerous condition before finding the defendant acted willfully or maliciously." 498 N.W.2d at 409.

Most recently, in *Sallee v. Stewart*, 827 N.W.2d 128, 154 (Iowa 2013), our supreme court cited several authorities in interpreting the meaning of "willful" as set forth in the section 461C.6(1) (2009) (formerly section 111C.6).

> One leading authority states that willful conduct may be found under a recreational use statute only where "a known or obvious risk so great as to make it highly probable that harm will result." 3 Louis A. Lehr, Jr., *Premises Liability 3d*, § 54.41 (2012). In *Mandel v. United States*, the Eighth Circuit indicated that willfulness requires knowledge or an appreciation that "danger is likely to result." 719 F.2d 963, 967–68 (8th Cir. 1983). In construing the related phrase "willful and wanton," we have stated that the actor must show "'disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow.'" *Brokaw v. Winfield–Mt. Union Cmty. Sch. Dist.*, 788 N.W.2d 386, 396 (Iowa 2010) (quoting *McClure v. Walgreen Co.*, 613 N.W.2d 225, 230 (Iowa 2000)).

*Sallee*, 827 N.W.2d at 154. The court determined the evidence in the record was insufficient to support a finding the plaintiff would engage in the type of behavior that led to her injury, or that as a result of said behavior, an injury was likely to occur. *Id.* Accordingly, the court concluded the plaintiff failed to present sufficient evidence to allow a reasonable fact finder to find the defendants acted willfully. *Id.*

The district court here properly concluded there is insufficient evidence to show the City acted willfully or maliciously in failing to warn against a dangerous condition. The record does not disclose anyone had been injured by the tethering cable before Basquin, or that City employees otherwise knew the cable presented a hazard. Although they may have been mistaken in their belief, the uncontroverted record shows city employees believed the tethering cables were necessary to stabilize the footbridge in the event of a flood or vandalism. Viewing the evidence in the light most favorable to Basquin and applying the

foregoing law, there is no dispute as to whether the City acted willfully or maliciously. The City is entitled to judgment as a matter of law. Accordingly, we affirm the district court's grant of summary judgment in favor of the City.

**AFFIRMED.**